## Taylor's heirs *vs* Watkins, *et al.*

### APPEAL FROM THE LEWIS CIRCUIT.

*Limitation. Unknown heirs. Parties.*

CHANCERY.

*Case* 109.

JUDGE BRECK delivered the opinion of the Court.

*June* 10.

THIS case was formerly before this Court, and the question settled as to the validity of complainant's entry, and also as to the manner in which it was to be surveyed; it is reported in 7 *J. J. Marshall*, 363. While the case was in this Court, in consequence of the death of Kelly's heirs, it was abated as to them, and after it was returned to the Court below it was prosecuted to final decree in the name of Taylor's heirs alone. The complainants, by the final decree, obtained relief against part of the defendants, and as to the residue their bill was dismissed with costs, and they have again appealed to this Court. Such of the defendants as were affected and made liable by the decree, also complain of it and have filed cross errors.

In the revision of the whole case, the first question which we deem proper to consider, is as to the effect upon the rights of the parties of the former opinion of this Court. It is contended on the one side, that as to the defendants, against whom the complainants obtained relief by the original decree, the rights of the parties were settled by that opinion, except as to the effect of the statute of limitations. On the other side, it is insisted that

Case stated and refers to the former opinion: (7 *J. J. Marshall,* 363,) and its proper construction.

TAYLOR'S HEIRS
*vs*
WATKINS, *et al.*

the only questions settled, are as to the validity of Taylor and Kelly's entry, and the mode of surveying it, and that all other questions affecting the right of complainants to recover as well as the statute of limitations, are now open for consideration. This Court say in the former opinion, that they do not decide as to the effect of the statute of limitations, but upon that subject the Court below would be left untrammeled upon the return of the cause. From this express reservation to the Circuit Court of the right, upon the return of the cause, to pass upon the statute of limitations, it may be inferred that no other question was intended to be left open as to the right of the complainants to recover the land claimed by the defendants, which should be embraced by their patent and entry, when surveyed as directed by the opinion, and which should also be included within the elder grants. But in corroboration of this construction, it is further said in the opinion, "The Circuit Court ought to have caused the entry to be surveyed, as directed in this opinion, before entering a final decree, and then the defendants should have been compelled to relinquish such portions of the land as they held, found to be common to the survey as carried into grant and the survey as directed." The decree was reversed as to all the defendants, and the cause remanded for a decree in conformity with the opinion. The decree was reversed because the Court below had erred in its construction of the entry, but this Court would not reverse even for that error, unless the complainants had manifested their right to recover. The correction of the error had a bearing upon the extent, not the right of recovery. The question of jurisdiction which is now relied upon by the defendants, as to parties, the manner in which the defendants respectively held, and other questions upon which the recovery of the complainants depended, were necessarily involved in determining upon the propriety of reversing at their instance. It seems to us, therefore, that the only question affecting the right of complainants to recover, left open for the decision of the Court below, was in reference to the effect of the statute of limitations. The extent of their recovery

depended upon that question, and the survey of their entry as directed by this Court.

Upon the return of the cause to the Court below, the complainants' entry was surveyed according to the opinion of this Court, and some of the defendants having died subsequently to the rendition of the original decree, efforts were made to revive against their representatives. No additional testimony has been taken, nor has the character of the controversy been changed by additional pleadings or the introduction of any additional matter since the cause was formerly before this Court.

The decree now sought to be reversed, dismisses the complainants' bill as to the following defendants: James Barclay, James Rawland, O. K. Hendrickson's heirs, Daniel Hendrickson, William Hendrickson, William Watkins, Robert Taylor's heirs, Joseph Fitch, William Crawford, Jonathan M. Grover, Savage's heirs, Barton Lee, Matthew Burriss, Elijah H. Thomas, John Fry, James Fiffe, Michael Fetters, and James A. Graham.

It appears that Barclay and Rawland claim under an elder grant than complainants, and that they had been in adverse possession more than twenty years before the institution of complainants' suit. As to these defendants we think there is no error in the decree.

Michael Fetters early answered complainants' bill, disclaiming all title or interest in the land sought to be recovered.

The defendant, Thomas, upon his petition, was brought into the cause as the representative of Thomas Boggess, who was dismissed out of the case more than twenty years since.

John Fry claims under a junior grant, and is not included in any grant elder than complainants.

As to these defendants the decree ought not to be disturbed.

Daniel Hendrickson was originally made a defendant, and in his answer, disclaimed any interest or title in the land in contest. He was subsequently made a defendant as one of the heirs of O. K. Hendrickson, and will, as well as William Hendrickson, be regarded in that character only.

TAYLOR'S HEIRS
*vs*
WATKINS, et al.

Stat. of limitation must be relied upon.

O. K. Hendrickson, in his first answer, claimed under his own grant, and the grant of Ewell, both junior to complainants; and also, under Graham and Patterson, whose grants are of elder date to complainants. In an amended answer, filed after the rendition of the interlocutory decree, he disclaims holding under any other grant except the patent to Ewell and his own; he does not rely upon the statute of limitations or the lapse of time, neither he nor his heirs. The proof does not show that he had been twenty years in possession before the institution of complainants' suit, and as to the seven years act, it has been decided by this Court, in *White* vs *Bates*, (7 *J. J. Marshall*, 542,) that unless a defendant in chancery plead or rely upon it, the Court will not extend to him its protection. Besides, it is very clearly to be inferred from his first answer, that he was connected with the claim of Gráham. Whether he was, in the ejectments which seem to have been instituted under that claim a few years before the commencement of this suit, or whether he became originally connected with it when he first entered, does not very clearly appear, nor do we deem it material. If he held under that claim at the institution of this suit, by executed or executory contract, he could not afterwards sever his connection with it so as to affect the jurisdiction of a Court of Equity in this case, or the right of complainants to relief. His last answer is not satisfactory. He says he at one time *thought* he had acquired title under Graham, but does not explain when or how he acquired it, or *thought* he had acquired it; nor does he explain how his supposed title had failed. The defendants are expressly called upon by the complainants, in their bill, to set forth the manner in which they respectively *held*. We cannot, therefore, regard the last answer as affecting the admission in the first.

As to Hendrickson's heirs, therefore, we do not deem it necessary to decide whether a Court of Equity would have jurisdiction to give the complainants relief as against the elder patentee, by compelling him to surrender his title, and as against the junior patentee by compelling him to surrender his possession, although wholly unconnected with the elder grant. Whether all the questions now pre-

sented and relied upon on behalf of these heirs, were considered and passed upon or not by this Court, when the case was formerly before it, we come to the same conclusion that we are authorized to believe the Court then did, that the complainants had manifested a right to relief as against Hendrickson, unless protected by the statute of limitations.   And as we have seen that that cannot be rendered available, we are of opinion the decree is erroneous in dismissing the complainants bill as to Hendrickson's heirs.

The view which we have taken in reference to these defendants will also embrace several of the other defendants.

William Watkins, William Crawford, J. M. Grover, Barton Lee, Matthew Burriss, and James Fiffe, all claim under Graham and Hendrickson; some of them in their first answers, claim under Graham alone, and in a subsequent answer, claim only under the grant of Hendrickson; but they do not show satisfactorily, when or how they had been connected with the elder grant of Graham, or when that connexion had ceased.   They all rely, in their last answer, upon their adverse possession for seven years, with title from the Commonwealth, in bar of complainants' claim, but all fail in deducing their title.   We are of opinion the Court erred in dismissing complainants' bill as to these defendants.

Robert Taylor, in his first answer, claimed to hold under Hendrickson and also under Graham, but in subsequent answers, filed by him and his heirs, they disclaim holding under Graham, and claim to hold only under Hendrickson.   It is in proof that Taylor entered under the claim of Hendrickson.   Hendrickson conveyed to Disbro, who, with Blanchard, conveyed to Taylor.   Taylor relies upon possession and proves more than seven years possession under his deed from Disbro.   We think his heirs are protected under the statute to the extent that the deed from Disbro embraces land within the grant to Hendrickson and his deed to Disbro; but as it appears from the report of the surveyor, that a large fraction of the tract claimed by Taylor's heirs, is not included in the grant of Hendrickson, but is embraced by the complain-

A reliance upon the 7 years limitation will not be available unless title be deduced to sustain the possession.

TAYLOR'S HEIRS
vs
WATKINS, et al.

ants' claim, and also by the elder grant of Graham, to that extent the complainants were entitled to recover.

Joseph Fitch claims under a deed from Disbro and Blanchard, and relies upon and establishes a possession of more than seven years.

Savage's heirs also rely upon a deed from Disbro and Blanchard to their ancestors, and also upon the statute of limitations, and have, we think, shown themselves entitled to protection. Both Fitch and the heirs of Savage, in part, at first claimed under Graham, but finally claimed under the deed from Disbro. The proof is that at the time Fitch and Savage entered, and at the date of their deeds, Disbro held the legal title, and was in possession of one half of the land embraced in Hendrickson's grant, under a deed from him, which included the land sold to Fitch and Savage, who purchased of Disbro. It also appears that Blanchard pretended at the time to hold an equity under the complainants' claim, and was probably united with Disbro in the conveyances on that account, and with a view to render them more acceptable to the vendees.

If a party claim by a conveyance from two grantees, when one only had title, he will be considered as holding under the one who had title.

But it being evident that Blanchard had no title, legal or equitable, and that his agency in the matter was wholly unauthorized and fraudulent, and Disbro having both title and possession, we have been inclined to regard the defendants, who received conveyances from both, as entering and holding only under the one who had title and from whom the possession was obtained; and in this view we are of opinion Taylor, Fitch, and Savage's heirs are entitled to protection under the statute of limitations. It might we urged as an additional reason why their possession should be deemed available, that the pretended interest and agency of Blanchard was denied and his conduct denounced by Kelly's heirs if not by the complainants, near twice seven years before the institution of this suit. In deciding that these defendants are protected by their possession, we thereby decide that the complainants have not shown themselves within the savings of the statute in favor of infants.

James A. Graham claims under Hendrickson and Patterson, but exhibits no title; the grant of Patterson is not

exhibited nor laid down by the Surveyor. The complain- TAYLOR'S HEIRS
ants bill was, therefore, properly dismissed as to this de- WATKINS, *et al.*
fendant.

We have thus noticed and disposed of the case so far as sought to be reversed by the complainants.

The cross errors of the defendants, against whom the Court decreed in favor of the complainants, will now be considered.

After dismissing complainants bill, as we have already noticed, the Court then proceed, as to some twenty other defendants, and decrees that the complainants recover of them 2791¼ parts of 5691¼ parts of the land in their possession, and claimed by them at the institution of this suit, and which was embraced by complainants' patent and entry as it had been surveyed and confirmed by the Court; and preparatory to a final settlement of all matters in controversy, the Court appoint a commissioner to survey and ascertain the quantity of land held and possessed by each of the defendants against whom there is a recovery, and also, to divide the proportion of land in possession of each of said defendants, and assign the 2791¼ parts of 5791¼ parts thereof, to the complainants, the complainants being only entitled to 2791¼ acres of 5791¼ acres embraced in their patent, Kelly's heirs being entitled to the residue. The commissioner reported a division of the land as to a portion of the defendants, but as to other defendants, against whom the Court had decreed the complainants were entitled to recover, viz: John Swearingen, Sr. John Swearingen, Jr. Daniel Swearingen, Hezekiah Plummer and John Smith, he reports no division, but as to them that the matter had been compromised. The Court directs a writ of possession against several of the defendants, but not including the defendants who are reported as having compromised. The Court then, by its final order, "decrees that the complainants recover of the defendants, against whom there has been a recovery in this suit, their costs herein expended." Now as to how many of the defendants, and who are embraced in this decree, is matter of doubt. As to the three Swearingens, the complainants dismissed their suit twenty years before. We cannot suppose the decree

embraced them, and we are of opinion it was not intended to embrace the other two defendants, Plummer and Smith.

It also appears that complainants' bill had, many years since, been dismissed as to Alexander Miller and Thomas Ferguson, and that Miller had been dead for many years, and there had been no revivor against his representatives, who were in possession of the land. The first decree embraces both Miller and Ferguson, and the commissioner assigns portions of their land to complainants, although no writ of possession is directed against Miller or his representatives. The defendants, upon their cross errors, rely that the Court erred in decreeing against the Swearingens, Miller, and Ferguson, and as the decree is uncertain in reference to these defendants, we think it ought to be reversed.

The decree requires the heirs of George Graham to relinquish their title to the land in controversy, to the complainants. They were never brought before the Court by either actual or constructive service of process, and as to them the decree is erroneous.

It is urged by the defendants, although not assigned as error, that upon the return of the cause, the complainants should have revived against the heirs of Kelly's heirs. It seems that an effort was made to bring the unknown heirs of Kelly before the Court, but that the requisitions of the statute upon that subject were not strictly pursued. The complainants, in an amended bill, alledge that there were no heirs in America or elsewhere, who could claim or had any interest in the land in contest, and no person or persons who could inherit it under Kelly, and that allegation does not seem to have been controverted by the defendants, who seek a reversal of this decree. Besides, the original decree in favor of Kelly's heirs, for their portion of all the land in contest, or the greater part thereof, is still in full force against the defendants, and they have, therefore, no interest in having them before the Court; a portion of them seem to have acquired the interest of Kelly, and as to them, they were not necessary parties. As long as the original decree remains in force, Kelly's

*It is error to decree against one who is not served with process, actually or constructively.*

heirs have no claim to any portion of the land now in contest, not embraced in that decree.

We are of opinion that the defendants are not entitled to a reversal for the alledged irregularity in bringing them before the Court.

It is also suggested that the complainants had not brought before the Court some of Hendrickson's heirs, who were alledged to be unknown. This Court has required that the provisions of the statute in reference to unknown heirs should be strictly complied with. It has been decided that an affidavit by one of several complainants was not sufficient to authorize proceedings against unknown heirs; that the affidavit of all the complainants is necessary—an affidavit of an agent or attorney cannot, therefore, be regarded as sufficient. The complainants should have leave to bring before the Court any of the heirs of Hendrickson, not now before the Court, and upon their failure so to do, within a reasonable time, their suit, as to Hendrickson's heirs, should be dismissed. The complainants should also be permitted to bring any other defendants before the Court, upon whom there has been no service of process.

All the complainants must make affidavit that heirs who are sought to be proceeded against as unknown, are, in fact, unknown to them. The affidavit of an agent or attorney not sufficient.

In view of the whole case, in which, in many important particulars there is much obscurity and uncertainty, and throughout abundant evidence of great and culpable negligence in the preparation, we have come to the conclusion, that as to the heirs of O. K. Hendrickson, Robert Taylor's heirs, William Watkins, William Crawford, J. M. Grover, Barton Lee, Matthew Burriss, and James Fiffe, the decree should be reversed on behalf of the complainants, and the cause remanded for further proceedings and decree consistent with the principles of this opinion. That as to Alexander Miller, John Swearingen, Sr. John Swearingen, Jr. Daniel Swearingen, Thomas Ferguson, Hezekiah Plummer, and John Smith, and the heirs of George Graham, the decree should be reversed on behalf of the defendants. As to Plummer and Smith, the decree is only reversed as to them so far as relates to the costs, and in that behalf the Court will so modify the decree; and as to the heirs of George Graham, no further steps will be necessary upon the return of the cause,

to bring them before the Court, having entered their appearance in this Court. As to the defendants, Joseph Watkins, Thomas Ruggles, Joseph Spense, Andrew May, and Bailey Briant, we are not satisfied that either were in possession or claimed any land within the patent and entry of complainants, when surveyed according to the opinion of this Court. The decree is, therefore, as against these defendants, reversed, and the cause remanded with directions to dismiss complainants' bill as to them, unless, at the instance of complainants, it should be ascertained that they were in possession and claimed land within the bounds of complainants patent and entry, as surveyed at the institution of this suit, and in such event, there should be a decree accordingly. As to the other defendants the decree is affirmed.

*Woolley, Cates & Lindsey* for appellants:. *Hord and Beatty* for appellees.