Cornelia Ferguson, Executrix of Harvey D. Ferguson, deceased, Appellant, *v.* James Tweedy and Maria A. Tweedy, his wife, and William Griffith, Respondents.

As a general rule, actual seizin of the wife during coverture is necessary to a tenancy by the curtesy.

Where there is an outstanding estate for life, the husband cannot be the tenant by the curtesy of the wife's estate in reversion or remainder, unless the particular estate terminate during coverture.

The wife of the plaintiff being co-devisee with her brother of a certain farm, with a limitation over on the death of either without issue to the survivor, by deeds interchanged with her brother before marriage, partitioned, until either should die without issue and no longer, the farm devised, and went into exclusive possession of the part conveyed to her, the brother taking exclusive possession of the part conveyed to him. The wife died leaving issue (the defendant), and subsequently the brother died without issue,—*Held*, that the plaintiff had no tenancy by the curtesy in the land conveyed to the brother.

(Argued January 23, and decided February 7, 1871.)

Appeal by the plaintiff from a judgment of the Supreme Court rendered at a General Term in the fourth district, affirming a judgment ordered by Mr. Justice Bockes, at Special Term on a trial before him without a jury, dismissing the complaint of the plaintiff's testator with costs.

The action was brought originally, by Harvey D. Ferguson, the plaintiff's testator, for equitable relief upon the following facts, proved and found by the judge before whom the cause was tried, to wit:

Henry Green, of the county of Montgomery, was, prior to and at the time of his death, the owner in fee-simple of a farm of land in the town of Florida in the county of Montgomery, containing about 300 acres.

He died in September, 1824, leaving a will, dated August 22d, 1824, which was duly proved and recorded.

By his will he gave his farm to George and Maria Green, his two illegitimate children " begotten on the body of Mary Brewer," in fee equally to be divided between them, share and share alike, and declaring it to be his intent that if either

said George or Maria should die without lawful issue, then the survivor should take the whole, to hold forever. After the death of Henry Green, the two illegitimate children named went into possession of the farm aforesaid, claiming to own the same under the will. In February, 1830, a creditor of George Green, commenced proceedings for relief under the statute against absconding, concealed and non-resident debtors, and such proceedings were had thereon that trustees were appointed for all the creditors of George Green, with the power and authority given them by law, and they, having been duly qualified, proceeded in the discharge of their duties and gave public notice as required by statute that they would sell at public auction on the 7th of August, 1830, all the real estate of George Green in the town of Florida, being his interest in the farm of 300 acres, derived under the will of Henry Green, and in pursuance of this notice a sale was had and the same was sold and struck off to one Samuel G. Green for $525, he being the highest bidder, and on the 9th of December, 1830, the trustees conveyed to Samuel G., the premises aforesaid by the description of "all the right, title and interest of George Green aforesaid, of, in and to that certain farm, piece or parcel of land situated, lying and being in the said town of Florida, which was given and bequeathed to the said George Green, by the last will and testament of his father, Captain Henry Green, being known and distinguished on a map and survey thereof made by James Frost on the 27th day of October, 1830, as lot No. 107, lot No. 92, and the south-west half of lots Nos. 88 and 89, reference to said map and survey being had will more fully appear, etc. This deed was duly acknowledged, afterward duly recorded in the clerk's office of the county of Montgomery; and the various proceedings resulting in the sale are also on file in his office. After the sale of the interest of George Green as before stated, and in the year 1831, Maria Green and Samuel G., made partition of the farm so devised by Henry Green, by mutual partition deeds, until either George or Maria should die without issue and no longer.

Maria Green married Harvey D. Ferguson, the original plaintiff, on the 1st day of November, 1831, and died intestate on the 29th of August, 1832, leaving one child, Maria A. Ferguson, now Maria A. Tweedy, one of the defendants, her only heir-at-law, who was born on the 29th of August, 1832. George Green died intestate in 1839 and without issue, having never married. On the 12th of December, 1853, Maria A. Ferguson, the daughter of Maria Green, married James Tweedy. Immediately upon the partition between Maria Green and Samuel G. Green, as before stated, Samuel G. went into the actual and separate possession of that part of the farm of 300 acres described in the deed of Maria Green to him, and remained in such possession until it came to the possession of William Griffith, as hereinafter mentioned, and the part thereof described in the partition deed to Maria Green, after such partition, went into the separate possession of Maria, and she continued in such separate possession until her death.

Neither Maria Green nor the plaintiff, at any time, during her coverture under the marriage between them, nor at any other time after the execution of the deed from Maria to Samuel G. Green, had any possession of the premises described in such last mentioned deed, or of any part thereof, or received any of the rents and profits thereof.

On the 24th of November, 1855, the defendant, William Griffith, purchased, and Samuel G. Green conveyed to him by deed, the premises then in possession of Samuel G. Green, which deed was on the 3d day of December 1855, recorded in the clerk's office of the county of Montgomery.

The portion of the 300 acres consisting of about 152 acres mentioned in the partition deed of Samuel G. Green to Maria Green, dated April 11th, 1831, from the death of Maria Ferguson to the time of the execution of the deed of the same date by Harvey D. Ferguson and wife, to Maria A. Tweedy was in the exclusive possession of Harvey D. Ferguson, he claiming the same as tenant by the curtesy.

In November, 1862, Harvey D. Ferguson and wife gave, for the consideration of $1,000, a deed to Maria A. Tweedy of the premises described in the partition deed from Samuel G. Green to Maria Green, and since the execution of that deed Maria A. Tweedy has had the possession thereof. Harvey D. Ferguson was not a party to or in any way connected with the suit of Tweedy and wife against Samuel G. Green, mentioned below.

In 1854, Mrs. Tweedy commenced an action to recover of Samuel G. Green, the portion conveyed to and occupied by him, on the ground that she, as heir of her mother, was entitled under the will to the whole, George Green having died without issue. Judgment, however, was given in her favor for but an undivided half, it having been held, as is alleged, that the estate of George Green became a fee-simple, absolute upon the death of Maria Green in his lifetime, the limitation over to her being only in case she survived him. The original plaintiff, therefore, brought this action against Mrs. Tweedy, and Griffith claiming that he was entitled to possession, and rents and profits, as tenant by the curtesy, in which he was defeated in the Supreme Court, and appealed here.

*John H. Reynolds*, for the appellant, insisted that as Mrs. Tweedy, in her suit against Samuel G. Green recovered one-half the premises *as heir-at-law* of her mother, she could not deny that her mother had seizin at the time of her death, and hence during coverture. And this judgment is conclusive as against her of her mother's seizin. He cited, upon this point, 1 Greenl. Evi., § 534; *Rex* v. *St. Pancras* (Peake's Cases, 210); 2 Saunders' R., 159, note 10; *Andrews* v. *Brown* (3 Cushing, 130); *Adams* v. *Pearson* (7 Pick., 341) That a wife has sufficient seizin to give her husband tenancy by the curtesy, if it is such seizin as enables her heir-at-law to inherit, he cited 4 Kent, 29; *Jackson* v. *Johnson* (5 Cow., 74); *Adair* v. *Lott* (3 Hill, 182); *Kline* v. *Barber* (6 Conn. R., 494); *Bush* v. *Bradley* (4 Day., 298); *Ellsworth* v. *Cook* (8 Paige, 643); *De Gray* v. *Richardson* (3 Atk., 469);

*Sterling* v. *Perlington* (3 Eq. Ca. Abr., 730). That even if there were an outstanding estate in Samuel, for the life of George, it could not affect the right to curtesy in the remainder, he cited *Adair* v. *Lott* (*supra*) *;* 1 Washburn on Real Property, 137; *Sterling* v. *Perlington* (*supra*); *Wass* v. *Buckman* (38 Maine, 360); *Vanardsall* v. *Fontleroy* (7 B. Mon., 407); *Jackson* v. *Johnson* (5 Cow. R., 74); *Green* v. *Anderson* (8 Humph., 307).

*Samuel W. Jackson,* for the respondents, Tweedy and wife, that the conveyance by Maria Green to Samuel G. Green, before her marriage, of the premises in question, and his entry and exclusive occupation thereof under such conveyance, created a paramount outstanding life estate in S. G. Green, which endured during the life of Maria Green, and prevented seizin by her during coverture, cited *Adair* v. *Lott* (3 Hill, 184); *Jackson* v. *Johnson* (5 Cow., 74, 97, 102); *Ellsworth* v. *Cook* (8 Paige, 643); 4 Kent, 29, 30); *Pond* v. *Bergh* (10 Paige, 154). The seizin must be actual seizin, and there can be no seizin in deed, or in law, of a vested remainder limited on a precedent freehold estate. (*Green* v. *Palmer*, 1 Barb., 506; *Durnham* v. *Osborn*, 1 Paige, 634; *Reynolds* v. *Reynolds*, 5 Paige, 161; *In the Matter of Cregier*, 1 Barb. C. R., 598.) S. G. Green had an absolute estate for the life of George Green in the premises by the partition deed of Maria to him. A grantor cannot claim lands in opposition to his own deed. (*Jackson* v. *Bull*, 1 Johns. Ca., 81, 90; *Granger* v. *Arden*, 10 Johns. R., 292; *Jackson* v. *Murray*, 12 Johns., 200; *Jackson* v. *Stevens*, 13 Johns. R., 316.) And the possession of a grantee is adverse to his grantor to the extent of the grant, and all persons claiming under the same title. (*Everett* v. *Wilson*, 4 Barb., 180, 185, 186, 187; *Bradstreet* v. *Clark*, 12 Wend., 675; *Jackson* v. *Newton*, 18 Johns. R., 362; *Sparrow* v. *Kingman*, 1 Comst., 242; *Pawlet* v. *Clark*, 4 Peters, 504, 505; *Bradstreet* v. *Huntington*, 5 Peters, 429; *Jackson* v. *Horden*, 8 Cow., 323, 326, 327.)

FOLGER, J.   This action cannot be sustained unless Harvey D. Ferguson, the testator, had in his lifetime an estate as tenant by the curtesy in the premises, or some part of them, which were recovered in the action of the respondents against Samuel G. Green, judgment wherein was rendered on the 1st of February, 1861.   To establish such tenancy there were needed four things : Marriage, issue of the marriage, death of the wife, and her seizin, during marriage, of the premises in question.   There is no dispute but that all of these existed, save the last.

It is a general rule that to support a tenancy by the curtesy there must be an actual seizin of the wife.   (*Mercer's Lessee* v. *Selden*, 1 How. U. S., 37–54.)   The rule is not inflexible. There are exceptions to it.   The possession of a lessee under a lease reserving rent, is an actual seizin, so as to entitle the husband to a life estate in the land as a tenant by the curtesy, though he has never received or demanded rent during the life of his wife.   (*Ellsworth* v. *Cook*, 8 Paige, 646.)   Wild, unoccupied or waste lands may be constructively in the actual possession of the wife.   (8 J. R., 271.)   A recovery in an ejectment has been held equivalent to an actual entry.   (8 Paige, *supra*.)   And it has been held that, where the wife takes under *a deed*, and there is no adverse holding at the time, that *actual* entry is not necessary.   (*Jackson* v. *Johnson*, 5 Cow., 74.)   But the facts of this case open not the door for any of these exceptions to come in.   Before the marriage of the testator to his wife, she did convey by quit-claim deed the premises in question for a term which was in its duration as long as her life.   The grantee in that deed, thus acquiring an estate for her life in the lands, did enter, and he and his assign held the possession up to her death and afterward.   It is true that this deed was one of two, interchanged between the parties to effect an amicable partition of premises held by them at that time in common.   But the execution of these deeds, if followed, as it was, by possession in severalty, was valid and sufficient to sever the possession for the lifetime of

the testator's wife. (*Baker* v.'*Lorillard*, 4 N. Y., 257; *Carpenter* v. *Schermerhorn*, 2 Barb. Ch., 314, 21.)

And from the time of the execution by her of that deed, until the day of her death, she had not, nor had her husband, actual possession of the premises; she nor he made claim to the possession of them; she nor he received rent or other profit from them; she nor he had right to ask possession or rent or profit. In short, there did not any fact exist which, for her lifetime, after the execution of the deed, gave her a constructive possession or right of possession. On the contrary, there did exist in another, so far as she and her husband were concerned, exclusive possession, and right of such possession, for a term which ran for her life. There was, then, an outstanding estate for life in the premises, which, beginning before her coverture began, did not end until her coverture ended. And it is settled, that if there be an outstanding estate for life, the husband cannot be the tenant by the curtesy of the wife's estate in reversion or remainder, unless the particular estate be ended during the coverture. (*Stoddard* v. *Gibbs*, 1 Sumner, 263–70; *In re .Cregier*, 1 Barb. Ch. R., 598).

It is among the facts found by the learned justice before whom the action was tried, that the possession of the grantee in that deed, and of his assign, was actual and exclusive. It is found, also, that neither the wife of the testator, nor the testator himself, did at any time after the execution of that deed have actual possession of the premises, or receive the rents and profits thereof. And these findings are upheld by the proof.

There is no escape from the conclusion that there was lacking one of the essentials in a tenancy by the curtesy in favor of the testator.

This defect in the plaintiff's case being fatal, it is not necessary that we examine the other questions involved.

The judgment of the court below should be affirmed, with costs to the respondent.

All the judges concurring, judgment affirmed.