COURTNEY S. COLLINS, Appellant, *v.* JOHN L. RUSSELL et al., Respondents.

TENANCY BY CURTESY.   An estate by the curtesy does not attach to property conveyed to a wife subject to the use and occupation of another during life, where she was never in actual possession of the property and she died before the termination of the life estate.

*Collins* v. *Russell*, 96 App. Div. 136, affirmed.

(Submitted January 19, 1906; decided February 13, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered

August 27, 1904, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*T. W. McArthur* and *F. M. Starbuck* for appellant. A tenancy by the curtesy arises upon the death of a wife seized of a vested remainder acquired by deed. (*Van Rensselaer* v. *Poucher*, 5 Den. 35; *Wendell* v. *Crandall*, 1 N. Y. 491; *Jenkins* v. *Fahey*, 73 N. Y. 355; *Durando* v. *Durando*, 23 N. Y. 331; *Ferguson* v. *Tweedy*, 43 N. Y. 543; *Adair* v. *Lott*, 3 Hill, 182.

*A. H. Jones* and *J. S. Russell* for respondents. Mary Collins was never seized of the premises and the plaintiff is not tenant by the curtesy. The life estate was not ended during coverture. All Mary Collins received by the deed was a remainder. The life estate of Angelina Russell was a bar to this action. (Coke Litt. 29A, 32A; 3 Atk. 469; 4 Kent's Com. 29; 1 Barb. 106; 1 Paige, 634; 5 Paige, 469; *Tayloe* v. *Gould*, 10 Barb. 388; Tiedeman on Real Prop. §§ 106, 107; *Moore* v. *Littel*, 41 N. Y. 66; *Gentry* v. *Wagstaff*, 14 N. C. 278; *Baker* v. *Flournoy*, 58 Ala. 650; 15 Am. & Eng. Ency. of Law, 818; *Trolan* v. *Rogers*, 79 Hun, 507; *Ferguson* v. *Tweedy*, 43 N. Y. 543; *Webster* v. *Ellsworth*, 147 Mass. 602; *Todd* v. *Oviatt*, 58 Conn. 174; *Schores* v. *Charley*, 8 Allen, 423; *Planter's Bank* v. *Davis*, 31 Ala. 626; *Williams* v. *Paige*, 71 Penn. St. 476.) Actual seizin by the wife is necessary where she gets her title by a deed which creates at one and the same time and by one and the same act an estate for life in another person. (*Anderson* v. *Carr*, 6 App. Div. 6; *Jenkins* v. *Fahey*, 73 N. Y. 357; *Bear* v. *Snyder*, 11 Wend. 593; *Leach* v. *Leach*, 21 Hun, 382; *Durando* v. *Durando*, 23 N. Y. 331; *House* v. *Jackson*, 50 N. Y. 161; *Powers* v. *Jackson*, 57 N. Y. 654.)

O'Brien, J. This action is brought by a husband to recover possession of certain premises, which he claims as tenant by the curtesy. The defense is that the wife was not actually seized of the premises during her lifetime and that, therefore, the estate in curtesy did not attach.

By the deed which conveyed the property to the wife there was conveyed to another party a life estate therein. It does not appear that the wife was ever in actual possession of the property; since the life tenant survived her, and it is assumed, as I understand the case, that the wife was never in actual possession of the property. The wife died before the termination of the life estate, and hence the only interest that she ever had in the land was an estate in remainder.

Curtesy is a common-law estate and recognized by the laws of this state. It gives to the husband a life estate in the lands of which his wife died seized. In Washburn on Real Property (6th ed. §§ 328, 335) it is said that "the husband's curtesy is in many respects but a continuation of the estate of the wife," and "if the estate of the wife be one in reversion or remainder, subject to a prior freehold estate in another, her constructive seizin of such reversion will not entitle her husband to curtesy, unless the prior freehold determine during coverture." In this case the life estate referred to continued until long after the death of the plaintiff's wife and the latter was never in possession. The other conditions upon which the estate in curtesy depends existed, that is, the marriage, the birth of a child and the death of the wife.

The plaintiff's complaint was dismissed at the trial and the judgment has been affirmed at the Appellate Division. We think that the appeal cannot be sustained, since actual seizin in the wife is necessary in order to vest the husband with the estate in curtesy.

In *Ferguson* v. *Tweedy* (43 N. Y. 543) it was held that, as a general rule, actual seizin of the wife during coverture is necessary to a tenancy by the curtesy; that where there is an outstanding estate for life the husband cannot be tenant by the curtesy of the wife's estate in reversion or remainder

unless the particular intervening estate terminate during coverture. This rule has been relaxed somewhat in respect to wild and uninclosed lands, but in a case like the present it seems to remain as above stated.

In *Carr* v. *Anderson* (6 App. Div. 6) it was held that the essential element of a tenancy by the curtesy exists in the fact that the wife had actual seizin of the lands during coverture based upon an actual entry upon the same — one which requires or gives an occupation as a demonstrative thing, and if the wife never made an entry upon the lands, the husband had no tenancy by the curtesy. It is claimed by the appellant that a distinction exists where the wife's estate is by deed instead of by inheritance, and in *Adair* v. *Lott* (3 Hill, 182) it was held that the rule did not apply where the wife took by deed. No such distinction is to be found in the later decisions in this state, and an examination of the *Adair* case discloses that the court determined that there was actual, as well as legal seizin in the wife. The question is fully discussed in the learned opinion below and in the two cases that we have cited, and further discussion would seem to be unnecessary.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment affirmed.