FREDERICK J. SHACKLETON, Respondent, v. FLORA L. ANNABEL and Another, Appellants.

Third Department, November 13, 1924.

Curtesy — action of ejectment brought by wife of present plaintiff — present plaintiff as tenant by curtesy was substituted on wife's death — property was purchased in 1917 subject to life estate which expired during wife's life — wife was actually seized during coverture — present plaintiff became tenant by curtesy on wife's death — subsequent disseizure would not affect curtesy — plaintiff is entitled to judgment.

The husband of a woman who purchased real property in 1917 subject to a life estate which expired prior to her death, became a tenant by curtesy on the death of his wife though she was never in actual, physical possession of the premises and though it is contended by the defendants, who are in actual possession, that they hold the premises adversely, where it appears that after the death of the life tenant the defendants remained in possession of the property under an oral contract with the wife.

The wife having been actually seized of the property following the death of the life tenant, the fact that she was subsequently disseized by the defendants did not affect the right of the husband as tenant by the curtesy.

Accordingly, in this action in ejectment, which was instituted by the wife, her husband was properly substituted as plaintiff on her death and he is entitled to judgment.

APPEAL by the defendants, Flora L. Annabel and another, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Tioga on the 8th day of April, 1924, directing the continuation of this action in the name of Frederick J. Shackleton, upon the death of Minnie M. Shackleton, the original plaintiff, and also from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tioga on the 10th day of June, 1924, upon the decision of the court rendered after a trial before the court, a jury having been waived.

*Charles C. Annabel* [*James O. Sebring* of counsel], for the appellants.

*James S. Truman*, for the respondent.

COCHRANE, P. J.:

This action in ejectment was instituted by the wife of the present plaintiff. Before the trial she died intestate leaving beside her husband two children. Her husband as tenant by the curtesy has been substituted as plaintiff. From the order of substitution as well as from the judgment an appeal has been taken.

Mrs. Shackleton, the deceased wife of the present plaintiff, became the owner of the property by a deed of conveyance to her in the year 1917 subject to a life estate in favor of Elijah H. Everett. The defendant Flora L. Annabel is the wife of the defendant Charles C. Annabel. Mrs. Annabel was a granddaughter of the wife of Elijah H. Everett and her former husband. Mrs. Everett died in the year 1908, and Mr. Everett in the year 1921. Mrs. Annabel resided in the Everett home on the property in question before her marriage and thereafter she and her husband lived there until the death of Mr. Everett. Since that time they have continued in possession of the property.

The defense is that Mrs. Shackleton never had an actual seizin of the property and that, therefore, the present plaintiff has not acquired a tenancy by the curtesy. The outstanding life estate of Mr. Everett expired during the life of Mrs. Shackleton and, therefore, the case of *Collins* v. *Russell* (184 N. Y. 74) and similar cases relied on by the defendants have no application. But they further contend that they are in adverse possession of the property

and that such adverse holding prevented Mrs. Shackleton from acquiring actual seizin thereof in such a manner as on her death to vest in her husband a tenancy by the curtesy. When such adverse possession began does not appear but it does appear in evidence that after the death of Mr. Everett the defendants continued to live on the property " under a verbal contract." Mrs. Shackleton was the only person who had a right to make such a contract with them and there was, therefore, some period of time during which she had actual as well as lawful seizin of the property. Actual seizin does not necessarily mean physical possession. In *Ferguson* v. *Tweedy* (43 N. Y. 543, 548) Judge FOLGER stated the law as follows: " It is a general rule that to support a tenancy by the curtesy there must be an actual seizin of the wife. (*Mercer's Lessee* v. *Selden*, 1 How. [U. S.] 37, 54.) The rule is not inflexible. There are exceptions to it. The possession of a lessee under a lease reserving rent, is an actual seizin, so as to entitle the husband to a life estate in the land as a tenant by the curtesy, though he has never received or demanded rent during the life of his wife. (*Ellsworth* v. *Cook*, 8 Paige, 646.) \* \* \* And it has been held that, where the wife takes under *a deed*, and there is no adverse holding at the time, that *actual* entry is not necessary. (*Jackson* v. *Johnson*, 5 Cow. 74.)" Mrs. Shackleton, therefore, having been actually seized of the property following the death of Mr. Everett, it matters not that she was thereafter disseized by the acts of the defendants. Seizure at any time during coverture is sufficient. (4 Kent Comm. 27; *Jackson* v. *Johnson*, 5 Cow. 74, 102.) In Bouvier's Law Dictionary (Rawle's 3d Rev.) tenancy by the curtesy is defined as follows: " The right of the husband to enjoy during his life land of which his wife is *at any time during coverture seised in fee simple* (absolute or defeasible) *or in fee tail, provided there was issue, born alive, of the marriage.*" (Italics are mine.)

The defendants are holding the property adversely. The record discloses no right or color of right to such possession. The logical effect of their argument is that as trespassers they can defeat the plaintiff's claim of tenancy by the curtesy. That defense could not be urged as against Mrs. Shackleton when she brought this action and for the reasons stated we think it is not available against the present plaintiff.

The judgment and order should both be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.