RAYMOND F. SANFORD, Plaintiff, *v.* MARION G. GETMAN, Defendant.

Supreme Court, Wayne County, December 16, 1924.

Curtesy — action for partition against sister of plaintiff's deceased wife — land in question conveyed to plaintiff's wife and defendant by their mother — mother retained possession during her lifetime — plaintiff's wife predeceased her mother — estate by curtesy did not attach — child born to plaintiff capable of inheriting — defendant interested party and not entitled to testify as to conversations with her deceased mother — complaint dismissed.

In an action against a sister of the plaintiff's deceased wife for the partition of lands conveyed to the defendant and her sister by their mother, an estate by curtesy in such lands did not attach so as to entitle the plaintiff to maintain this action, since it appears that the mother who survived the plaintiff's wife was, under an oral agreement, actually in possession of and maintained such lands during her lifetime.

A baby born to the plaintiff was capable of inheriting although it did not cry and lived for only a few minutes.

The defendant was an interested party and, therefore, not competent to testify as to conversations and transactions with her deceased mother.

ACTION for the partition of certain realty in the village of Lyons, the plaintiff claiming an interest therein as a tenant by the curtesy.

*Charles T. Ennis,* for the plaintiff.

*Charles P. Williams,* for the defendant.

CUNNINGHAM, J.:

In November, 1915, Frances T. Getman, of the village of Lyons, conveyed certain real property in that village to her two daughters, Marion G. Getman and Frances E. Getman.

Frances E. Getman, who was married to the plaintiff in June, 1917, died on July 29, 1920. Plaintiff claims an estate by curtesy in the lands conveyed to Frances E. Getman by her mother.

It is admitted that a child was born on March 24, 1920, of the marriage between plaintiff and Frances E. Getman, but it is claimed that it was not born alive. Although the baby did not cry, it breathed and its heart beat and it lived for some minutes. I am convinced that there was born to the plaintiff a child which was alive and capable of inheriting. (*Matter of Union Trust Co.,* 89 Misc. 69.)

The defendant further claims that the plaintiff's wife was not seized during coverture of the real property in question.

At the time Mrs. Getman conveyed the lands to her two daughters it was agreed that the mother should have possession of the lands during her lifetime. This was an oral agreement and the

LOVETT *v.* LOESER & CO., INC. **81**

Misc. 81]    Municipal Court of the City of New York, December, 1924.

consideration for it was the giving of the deed. This oral agreement has been fully carried out and the mother, who survived her daughter, Frances E. Getman, was actually in the possession of the lands during her lifetime and maintained them.

In equity the mother was entitled to the use and enjoyment of the property as against her two daughters and plaintiff's wife did not have the right to the possession thereof during the time she was the wife of the plaintiff. (*McKinley* v. *Hessen*, 202 N. Y. 24; *City of New York* v. *N. Y. & S. B. Ferry Co.*, 231 id. 18, 25.)

Plaintiff's wife, therefore, during coverture, was not possessed of the lands and did not have the right to the possession thereof and an estate by curtesy did not attach to such lands. (*Collins* v. *Russell*, 184 N. Y. 74.)

The testimony of the defendant, Marion G. Getman, as to conversations and transactions with her deceased mother is stricken out as she is an interested party.

The complaint is dismissed, with costs.