·(6 App. Div. 6.)

### CARR v. ANDERSON.

(Supreme Court, Appellate Division, Second Department. June 2, 1896.)

·Curtesy—Seisin of Wife.

    The common-law rule that if a wife claims land by devise or descent, and dies before entry, the husband does not have curtesy, applies in New York.

Appeal from special term, Westchester county.

Action by Walter S. Carr against John Charles Anderson to set aside a judgment theretofore rendered against plaintiff, and in favor of defendant, by which was established the factum of the will of John Anderson, deceased, as a will of real estate. The complaint was dismissed on the merits, and plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, and HATCH, JJ.

J. T. Marean, for appellant.

Thomas M. North, for respondent.

BROWN, P. J.　On January 21, 1888, in an action wherein John Charles Anderson, the respondent, was plaintiff, and Walter S. Carr, the appellant, and others, were defendants, upon the written consent of said Carr, a judgment was duly entered, wherein it was adjudged that the last will and testament and codicil of John Anderson, deceased, the father of the respondent, had been duly executed, and was a valid instrument, and the appellant was perpetually enjoined from impeaching said will or codicil, or otherwise making any claim in opposition thereto.　The object of this action is to procure the judgment so entered to be vacated and set aside, upon the ground that the appellant was induced by the false and fraudulent advice of his counsel to consent to the entry thereof.

We have carefully read and considered the argument of the learned counsel for the appellant wherein he contends that the consent to the entry of the judgment against his client was the result of false advice given to him by his counsel then acting for him, in relation to his rights and interests in the land of which John Anderson died seised, and that such advice was the product of a corrupt and unlawful pressure brought to bear upon such counsel by the respondent, and that consequently the consent was obtained under such circumstances as entitle the appellant to be relieved therefrom.　That argument has not convinced us of the merit of the appellant's case, and we concur in the conclusion of the trial court that the evidence fails to show that the execution and delivery of the consent by the appellant was procured by any misrepresentation or concealment, and that it was not the result of any ignorance of the facts or law applicable to the case.

John Anderson died in November, 1881, leaving a last will and testament, which was admitted to probate in March, 1882, wherein he devised all his real estate to the respondent.　He left, surviving him, five heirs at law, one of whom was the wife of the appellant.　Mrs. Carr survived her father less than two months, and died, intestate, in January, 1882, leaving, surviving her, her husband and one daughter, Mary Maude Watson.　In May, 1884, Mrs. Watson, claiming, as heir at law of John Anderson, to be entitled to the possession of one-fifth of certain land in New York, known as the "Plaza Lots," of which John Anderson died seised, brought an action of ejectment against certain grantees of the respondent to recover possession thereof.　This action involved the question as to the validity of Anderson's will, and ultimately resulted in a judgment in favor of Mrs. Watson.　Thereafter an action was commenced by the respondent against Mrs. Watson, the appellant, and others, to establish the said will as a will of real estate; and such proceedings and negotiations were had therein that in September, 1887, while an appeal was pending in the ejectment action, a settlement between the respondent and Mrs. Watson was effected, by which the respondent agreed to, and did, pay to Mrs. Watson the sum of $50,000, and to her counsel his bill for

services and expenses, amounting to upward of $22,000. As an essential part of such settlement, and upon the immediate request of Mr. Watson, acting in behalf of his wife, the appellant executed and delivered the consent upon which the judgment now sought to be set aside was subsequently entered. It appears from the findings of the trial court that, since such settlement was made, various parcels of land in the city of New York, of which John Anderson died seised, have been sold by the respondent, to bona fide purchasers, for large sums of money, and upon said lots have been erected large and costly buildings, and that said purchasers took title thereto with knowledge of and in reliance upon the probate of said John Anderson's will and the judgment which the appellant seeks in this action to have set aside. At the foundation of the claim which the appellant now makes lies the assertion that, by reason of the invalidity of John Anderson's will, he became possessed, upon the death of his wife, of an estate by curtesy in an undivided one-fifth of the land of which Anderson died seised. The learned counsel for the appellant does not appear to contend for the absolute truth of this proposition, nor am I able to find in the record that he requested the court at the trial to rule upon it. The findings of the trial court, which were made upon the appellant's request, were that his claim to curtesy was one of substantial value, and that the value of an estate for his life in real estate was about 50 per cent. of the fee value thereof. But these facts the appellant knew before he executed the consent to the entry of the judgment against him, and he was advised by able counsel, who undoubtedly believed his opinion was a correct statement of the law, that he possessed no estate by curtesy in any part or share of John Anderson's real estate. This advice he acted upon, and, if he had not acted upon it, his daughter, whose interests he appears to have sought to protect and maintain, could not have successfully prosecuted her suit in ejectment, or have brought about the settlement made with the respondent.

It is quite apparent, therefore, we think, that the appellant's application to set aside the judgment to which, under the circumstances, he gave his consent, should receive very little consideration, unless the court is satisfied that the advice given him, and upon which he acted, was erroneous, and that, upon the assumption of the invalidity of John Anderson's will, he did possess an estate by curtesy in one-fifth of the land of which said Anderson died seised. To set aside the judgment, and permit the appellant to bring actions against the present owners of the land, and therein seek to establish his rights and estate, would impose an unjust expense upon innocent parties, and cast an unwarranted cloud upon their titles.

The proper place to settle the plaintiff's rights is in an action against the present defendant. We have no difficulty in reaching the conclusion that the appellant had no estate in the land in question. Tenancy by curtesy was a common-law estate, and it has been adopted in this state without modification. Our statute of descent provides that the estate of a husband by the curtesy

shall not be affected by any of the provisions of that chapter.   1
Rev. St. p. 754, § 20.   The appellant's claim must therefore be
tried by the common-law rule applicable to such an estate.   All
the elements of such an estate exist in the appellant, except seisin
of his wife during coverture.   In order to entitle a husband to
curtesy, the wife must have had actual seisin of the lands during
coverture.   Constructive possession of the wife, or a bare right
to possess, will not support the estate.   1 Washb. Real Estate (4th
Ed.) §§ 24, 25; 4 Kent, Comm. 29, 30; 2 Bl. Comm. 127; Willard,
Real Est. (2d Ed.) 58; Hil. Real Prop. p. 111.   Actual seisin or
actual possession, as distinguished from constructive possession or
possession in law, has been defined to be one based upon an actual
entry on the land, and one which requires or gives an occupation
as a demonstrative thing.   Churchill v. Onderdonk, 59 N. Y. 134;
Boylston v. Wheeler, 61 N. Y. 521.   Washburn states the general
rule to be that, if the estate be such that there may be an entry
made upon it, there must be such an entry during coverture, in or-
der to give the husband curtesy.   Volume 1, § 25.   To the same
effect, see Co. Litt. 29a; Bac. Abr. tit. "Curtesy," c. 2; 4 Com. Dig.
tit. "Estates," D, 2.   In this state, it was said by Judge Bronson,
in Adair v. Lott, 3 Hill, 182, that this doctrine did not apply where
a wife took by deed, but did apply where she took as heir or dev-
isee.   See, also, Pond v. Bergh, 10 Paige, 140; Ferguson v. Tweedy,
43 N. Y. 543.   The common-law rule was well settled that an heir's
title to the real estate of his ancestor was not complete until en-
try.   If the heir died before entry, his title was defeated, and
the inheritance went to the heirs of the person last seised.   If a
wife claimed land by devise or descent, and died before entry, the
husband did not have his curtesy.   4 Kent, Comm. p. 30; Jack-
son v. Johnson, 5 Cow. 74.   This rule has been modified in other
jurisdictions by statute, but in this state is still in force.   There
are exceptions to the rule which require an entry on land to com-
plete an heir's title, as in the case of wild and unoccupied lands;
but there is no similarity between such lands and the land in-
volved in this action.   Actual entry was always necessary to com-
plete an heir's title to land so situated that an entry could be made
upon it, and this rule is particularly applicable to city property.
The argument, therefore, that the lands in suit are to be likened
to wild lands, cannot be sustained.

The complaint alleges, and the court found as a fact, that Mrs.
Carr never made an entry upon the lands, and this fact is conclu-
sive against the appellant's right to curtesy.   The learned counsel
for the appellant does not question, of course, the general rule
which I have referred to.   He meets it by reference to the stat-
ute of descent, under which he asserts that real estate passes at
once and absolutely to the heir.   In a strictly legal sense, this
statement is accurate.   Applied to a case of intestacy, and where
the intestate's land was not held adversely, it is, undoubtedly, true.
And, upon the judicial determination of the invalidity of a de-
vise, the heir may be correctly said to have title from the date of
the death of his ancestor.   But, under our statute, every estate in

land which is descendible may be devised; and it is only where land has not been devised that it descends to the heir. A devise of land establishes a title in the same manner as a deed, and a will of real estate is sometimes spoken of as a statutory conveyance. It may be introduced in evidence as proof of title, either to recover or defend the possession of property. Norris v. Norris, 32 Hun, 176. For this purpose, it is not necessary that the will be admitted to probate, but a surrogate's decree admitting it to probate is prima facie evidence of its validity. Code Civ. Proc. 2627; Corley v. McElmeel, 149 N. Y. 228, 43 N. E. 628. A person in possession of land devised to him is in the same position as a grantee in possession under a deed, and presumptively he has the title. But the appellant's claim does not depend upon these considerations. The estate he claims depends upon the technical rule of the common law. The fact that Mrs. Carr never was actually and in fact in possession of any share in the lands devised to the respondent is fatal to the appellant's case.

The judgment must be affirmed, with costs. All concur.