DOORLEY v. O'GORMAN.

(Supreme Court, Appellate Division, First Department. June 12, 1896.)

DEED—DELIVERY—PRESUMPTION FROM RECORD.
　　The recording of a deed is merely presumptive evidence of delivery.

Appeal from court of common pleas, trial term.

Action by Timothy Doorley against Mary O'Gorman to recover possession of certain real property in the city of New York, and for damages for its withholding. A judgment was entered on a verdict in favor of defendant, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

W. T. Matthies, for appellant.
W. F. Browne, for respondent.

VAN BRUNT, P. J. This action was brought to eject the defendant and her tenants from certain premises in the city of New York. Prior to the 10th of October, 1885, the defendant had been the owner of the premises in question. Upon that day she caused a deed of such premises to one John Doorley, her brother, to be drawn by her attorney; and she signed and acknowledged the same, and asked the attorney to have the same recorded, which was done, and the deed so recorded was returned to her. The consideration expressed in the deed was $1,000, which was not paid at the time it was signed, and there is no evidence that it ever was paid. The defendant remained in possession of the premises, collecting the rents thereof. Some time in the year 1887 the defendant delivered this deed, together with other papers, to Mr. W. F. Browne, an attorney who was then doing business for her, for safe-keeping. In 1890 or 1891 the grantee named in the deed, John Doorley, who was known to Mr. Browne, called upon him, and said, "You have a deed belonging to me." Mr. Browne replied, "I don't know that I have;" and he said, "The deed from Mrs. O'Gorman or Kelly" (the defendant, Mrs. Kelly, having, subsequent to the signing of the deed, married a man

named O'Gorman).   Mr. Browne said: "I have some papers belong-
ing to your sister, Mrs. O'Gorman.   I will look and see.   There may
be something among Mrs. O'Gorman's papers."   Mr. Browne fur-
ther testified: "I found this deed, and said, 'Is that it?'   And he
said, 'Yes.'   I said, 'If it is yours, take it,' and I handed it to him.   I
never heard anything about this deed again till just prior to the be-
ginning of this suit."   Mr. Cooper testified that John Doorley, the
grantee named in the deed, called at his office about the year 1889,
having the deed in his possession, and stated to him that he desired
to build a brick flat on the lot, and that his sister had leased the
premises to a tenant who then occupied the same, and he wanted to
know how he could get rid of the tenant, so as to get possession of
the land.   Doorley having died, leaving a will devising all his prop-
erty to his brother, Timothy Doorley, the latter commenced this ac-
tion of ejectment. The claim upon the part of the defendant was that
she had never completed the execution of the deed by a delivery
thereof.   The question in regard to the delivery was submitted to
the jury by the court, both parties having moved for the direction of
a verdict in their favor.   The jury having rendered a verdict in favor
of the defendant, from the judgment thereupon entered, and from
an order denying a motion for a new trial, this appeal is taken.

It is claimed upon the part of the plaintiff that the record of the
deed by Mrs. O'Gorman was conclusive evidence of its delivery to
the plaintiff's testator.   While it is undoubtedly true that the record
of a deed is presumptive evidence of delivery, there is no rule that
such record is conclusive upon the question, and the party against
whom delivery is claimed may show the circumstances under which
the record was made, so as to rebut the presumption.   It is a fa-
miliar principle that no written contract can be executed without a
delivery of the contract.   Delivery is as necessary a part of the ex-
ecution as the signing and sealing of the instrument.   Delivery to a
third party in escrow is not a complete delivery, and delivery to the
register for the purpose of recording is not a delivery, if it appears
that it was not intended to operate as such.   The testimony of Mr.
Cooper shows that Mrs. O'Gorman had no intention to deliver such
deed then.   She was endeavoring, in case of her death, to provide
for her favorite brother, and this was all.   The circumstances under
which the deceased procured possession of the deed, as developed by
the testimony of Browne, show that it was without the defendant's
consent.   She delivered this deed, with her other papers, to Browne,
for safe-keeping; and he delivered it to the brother, upon his appli-
cation, without any authority from the defendant.   These facts show
beyond question that she never intended that there should be a com-
plete execution of the instrument, which would have been accom-
plished had she delivered the same to the grantee named therein.

Various criticisms are made upon the charge of the learned judge
by the counsel for the appellant; it being claimed that some of the
remarks contained therein were not sustained by the evidence, and
were erroneous in law.   Without considering those questions, it
appears that no exception was taken to the charge, and it is not ap-

parent that any injustice has been done; and therefore, even if erroneous, the judgment appealed from should not be disturbed.

We think that the judgment and order appealed from should be affirmed, with costs. All concur.

---

### DOLLER v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. June 19, 1896.)

STREET RAILROADS — INJURIES TO PERSON ON TRACK — CONTRIBUTORY NEGLIGENCE.

    Plaintiff's intestate, while crossing the street in the middle of a block, was struck by defendant's electric car. The street was lighted by electric lights, the view of the track was unobstructed, and the car carried a headlight. There was no evidence that intestate looked to see if a car was approaching, but it appeared that he stepped on the track immediately in front of the car. *Held*, that he was guilty of contributory negligence. Rumsey, J., dissenting.

Appeal from circuit court, New York county.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

