(96 App. Div. 136.)

### COLLINS v. RUSSELL et al.

(Supreme Court, Appellate Division, Third Department.  June 30, 1904.)

1. CURTESY—WIFE SEISED OF REMAINDER.
    The husband is not entitled to a tenancy by the curtesy, where the wife is seised of a remainder only, under a deed conveying land to her subject to use and occupation of another for life, provided such life tenant make repairs and pay taxes; the life estate not terminating till after death of the wife.

Appeal from Trial Term, Warren County.

Action by Courtney S. Collins against John L. Russell and others. From a judgment dismissing the complaint on the ground that it did not state a cause of action, plaintiff appeals.  Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

McArthur & Starbuck, for appellant.
Jones & Russell, for respondents.

HOUGHTON, J.  The complaint alleges that during coverture, in which children were born, there was conveyed to the wife of plaintiff certain lands described, subject to the use and occupation of another during life, provided such life tenant made repairs and paid taxes, and that thereupon said wife "became seised in fee of said premises, subject to the aforesaid life estate," which life estate terminated after the decease of the wife, and asks, because of such facts, that the plaintiff be decreed to be a tenant by the curtesy, and awarded possession of the premises during his life.

The trial court decided that, because of the prior life estate, there was not such seisin in fact in the wife during her lifetime as entitled the husband to a tenancy by the curtesy.  We think the trial court was correct. By the common law, which still governs tenancy by the curtesy, seisin in fact by the wife, as distinguished from seisin in law, was an essential element.  The early cases are uniform that if the wife held an estate in reversion or remainder, subject to a prior freehold estate in another, her constructive seisin of such reversion would not entitle her husband to curtesy, unless the prior freehold estate should be determined during coverture.  1 Washburn on Real Property (6th Ed.) § 335.  Entry by the common law being necessary to perfect title of an heir or devisee, the husband was held not entitled to the curtesy unless the wife had entered in fact on her inheritance or devise before her death.  And this rule was applied as late as Carr v. Anderson, 6

App. Div. 6, 39 N. Y. Supp. 746. The rule has been relaxed somewhat, from the necessities of the case, as in wild lands impracticable of actual occupation (Jackson v. Sellick, 8 Johns. 262); and curtesy initiate upon the birth of a child, which was a vested estate in the husband, has been destroyed by the statutes giving a married woman the right to dispose of her separate estate by deed or devise. But so far as we have been able to discover, the authorities are uniform that the husband is not entitled to tenancy by the curtesy where the wife is seised of a remainder or reversion only. Such was the direct holding in Ferguson v. Tweedy, 43 N. Y. 543, and in Tayloe v. Gould, 10 Barb. 390. In Gibbs v. Esty, 22 Hun, 266, a widow's dower was set off, and it was held that the husband of a wife heir to the remainder had no rights as tenant by the curtesy. And such was also the holding in Re Cregier, 1 Barb. Ch. 598, 45 Am. Dec. 416. So, too, adverse possession existing during coverture defeats the husband's rights. Baker v. Oakwood, 49 Hun, 419, 3 N. Y. Supp. 570. But it is claimed by the appellant that the rule is different where title comes by deed, and the case of Adair v. Lott, 3 Hill, 182, is cited as authority therefor. It is true that in the course of the discussion of that case it is said that the doctrine of seisin in fact in the wife does not apply where she takes by conveyance, because it will be presumed; and the case of Jackson v. Johnson, 5 Cow. 74, 15 Am. Dec. 433, is cited as authority for the proposition. An examination of that case will show that the court concluded that there was actual seisin in the wife. Besides, in Adair v. Lott the court expressly determined there was no outstanding precedent estate, but that the occupant was under the wife, and therefore there was actual as well as legal seisin. While these cases have been cited many times upon other propositions involved, no decision seems to have gone to the extent of holding that title acquired by deed which was expressly subject to a life estate gave to the husband any greater rights than he would possess, had the estate been created in any other manner.

In the present case, if the wife had received an absolute deed, and then conveyed a life estate on condition that the life tenant pay taxes and make repairs, it is possible that the taxes and repairs might be deemed rent, and thus the life tenant be considered occupying under the grantor. But the estate conveyed to the wife was subject to the life estate, which possibly might be defeated by failure of the life tenant to make repairs or pay taxes, but, until defeated, remained a precedent estate, and gave the life tenant the right of actual occupancy. The plaintiff's wife did not and could not have actual possession of the premises. She had neither constructive nor actual possession. The remainder was vested in her, but possession was postponed until the termination of the life estate. The essential element of seisin during coverture of the premises in question was lacking. The plaintiff's allegation was that his wife was seised subject to the life estate, and his complaint was therefore properly dismissed.

The judgment should be affirmed, with costs. All concur.