(100 App. Div. 9)

### HOLBROOK v. TRUESDELL et al.

(Supreme Court, Appellate Division, Fourth Department. December 7, 1904.)

1. DEEDS—CONSIDERATION—DELIVERY—VALIDITY—EVIDENCE.

A father, on the eve of litigation against him, after consulting with his daughter and her husband, executed a voluntary deed of the property in controversy to the daughter, which was never recorded, and, the litigation being settled, was returned voluntarily by the daughter, who declined to execute a reconveyance on the ground that, since the deed was not recorded, it was unnecessary. The father remained in undisturbed possession until his death. There was evidence that it was the understanding of the parties that the deed was not to become operative unless judgment was recovered against the grantor. *Held* to sustain a finding that the deed did not vest title to the property in the daughter.

2. SAME—PAROL EVIDENCE.

Parol evidence tending to show that the delivery of a deed by a father to his daughter was conditional, and that the condition essential to make it absolute never happened, and that the deed therefore never took effect, was not objectionable as tending to vary the terms of the deed.

Appeal from Trial Term, Wyoming County.

Action by Marion A. Holbrook against Inez F. Truesdell and another. From a judgment in favor of defendants, and from an order denying plaintiff's motion for a new trial, she appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Bartlett, Bartlett & Evans (C. A. Van Arsdale, of counsel), for appellant.

Irving G. Botsford, for respondents.

SPRING, J. Elon G. Truesdell, the father of the plaintiff, owned a farm of 154 acres in the town of Castile, Wyoming county. On the 3d day of July, 1885, he executed a conveyance absolute in form of said premises to the plaintiff, and handed the deed to her. At the same time he executed a bill of sale of all his personal property to his daughter, in form, delivering the instrument of transfer to her. The conveyance purported to be for a nominal consideration and "love and affection," and there was in fact no substantial consideration therefor. Truesdell was then a widower.

An action against him was imminent, which he evidently apprehended would result in a judgment against him. The circumstances pertaining to this impending litigation were thoroughly canvassed between the father, daughter, and her husband, and the execution of the conveyance was deemed the most feasible way to avert the effect of a judgment against Truesdell. The understanding was at the time of the execution of the deed that the title was not to become operative in the plaintiff unless judgment was recovered against him. The litigation was subsequently settled, and no judgment was recovered. The deed was never recorded, and subsequently the plaintiff returned it to Mr. Truesdell, who destroyed it. At the time he suggested to his daughter that she reconvey the premises to him, but she claimed that this was unnecessary, as the deed had not been recorded. After the alleged delivery of the conveyance, Mr. Truesdell remained in the exclusive possession of the farm until the time of his death, in September, 1900, exercising unqualified and unmolested acts of ownership—the same as before the execution of the deed. In 1894 he married the defendant Inez F. Truesdell, and on June 2, 1900, conveyed the farm to her, and that deed was at once recorded, and since the death of her husband she has continued in the possession thereof by virtue of such conveyance.

The plaintiff has sued to recover the possession of the farm, alleging that the title became vested in her by the conveyance from her father. The jury has determined, upon evidence amply justifying the verdict, that it was not the intention of Mr. Truesdell and the plaintiff to transfer the title to her, but the delivery was merely conditional, only to become operative upon the rendition of a judgment against him in the threatened litigation—a contingency which never happened. The evidence bearing upon this subject was given by the witnesses on behalf of the plaintiff, and is practically without contradiction. The question of the delivery of the deed involved its acceptance by the plaintiff, and whether there was a valid, effectual delivery to transfer the title, depends upon the intention of the parties at the time, and that was for the jury to determine. Ten Eyck v. Whitbeck, 156 N. Y. 341, 50 N. E. 963. The court in that case say at page 352, 156 N. Y., and page 966, 50 N. E.:

"The delivery of a deed is essential to the transfer of title, and there can be no delivery without an acceptance by the grantee. The question of delivery, involving, as it does, acceptance, is always one of intention; and, where there is a conflict in the evidence, it becomes a question of fact to be determined by a jury. There must be both a delivery and acceptance with the intent of making the deed an effective conveyance. * * * While the presumption is that a deed was delivered and accepted at its date, it is a presumption that must yield to opposing evidence."

In the present case the facts that there was no consideration for the deed; that it was never recorded, and was returned voluntarily to the alleged grantor; that he remained in undisturbed possession as apparent owner of this property until his death, although it is not claimed there was any reservation in the conveyance—are potential in confirmation of the verdict of the jury that no vesting

of the title in the plaintiff was intended. Proof tending to show that no transfer of the title was contemplated does not come within the condemnation of the rule prohibiting oral evidence to vary the terms of a written instrument. Higgins v. Ridgway, 153 N. Y. 130, 47 N. E. 32; Persons v. Hawkins, 41 App. Div. 171, 58 N. Y. Supp. 831. The contents of the conveyance are not impugned, but the contention is that the delivery was conditional, and that the condition essential to make it absolute never arrived, and the proof was received solely as bearing upon the purpose in passing over the conveyance to the plaintiff. Judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.