RAYMOND P. SANFORD, Appellant, *v.* MARION G. GETMAN, Respondent.

Fourth Department, June 30, 1925.

Curtesy — seizin of wife during coverture — wife's mother deeded property to wife and her sister as tenants in common — wife predeceased her mother — no evidence that wife took possession or had any knowledge of deed — mother continued in possession until her death — evidence admissible that at time of execution of deed mother stated deed was not to be effective until her death — evidence was admissible on question of intention to make transfer — wife was never in actual possession and plaintiff has no curtesy.

The plaintiff does not have any right of curtesy in an undivided one-half of premises which were deeded by his wife's mother to his wife and her sister as tenants in common, since it appears that the deed was never delivered to plaintiff's wife; that she was never in actual possession of the property and had no knowledge that a deed had been made; that she predeceased her mother, who continued in possession and control of the property after the deed was executed; that the evidence shows that it was the intention of the mother not to transfer the property until her death; and that it was her intention to remain in the possession and control of the property during the term of her natural' life.

Evidence as to statements made by the mother at the time the deed was executed, to the effect that she intended to continue in possession and did not intend to convey the property until after her death, and that the deed in question was not to take effect until her death, was properly admitted for the purpose, not of varying the terms of the deed, but on the question whether or not there was an effectual delivery of the deed sufficient to transfer the title, and on the question of the mother's intention when she executed the deed.

APPEAL by the plaintiff, Raymond P. Sanford, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Wayne on the 19th day of December, 1924, upon the decision of the court rendered after a trial at the Wayne Special Term dismissing the complaint on the merits in a partition action.

*Charles T. Ennis,* for the appellant.

*Charles P. Williams,* for the respondent.

CLARK, J.:

This action was brought to partition the real property described in the complaint, plaintiff claiming the right of curtesy in an undivided one-half of said premises, of which it is his contention his wife died seized as a tenant in common with the defendant.

Defendant by her answer denied that plaintiff's wife died seized of an undivided one-half interest in the said property, and also denied that there was a child born alive to the plaintiff and his wife, and denied that plaintiff has a right to curtesy in said premises.

As a separate answer to the complaint defendant alleged that the real property in question was conveyed to defendant and Frances E. Getman (plaintiff's wife) by their mother, by deed dated November 2, 1915, and recorded in the Wayne county clerk's office, but that said grantor reserved to herself the use and possession of the premises for the period of her natural life, and that plaintiff's wife was never in possession and never had the right to the possession of said property, but that it remained in the possession of the grantor until her death, which occurred some years after the death of plaintiff's wife.

The court found that Frances E. Getman and plaintiff were married on the 30th day of June, 1917, and that she died intestate July 29, 1920, leaving the plaintiff, her husband, surviving, and no children or descendants; that on the 2d day of November, 1915, Frances T. Getman, who was the mother of plaintiff's wife and of this defendant, being then the owner and seized of the real property described in the complaint, executed a deed thereof to Marion G. Getman, this defendant, and Frances E. Getman, who subsequently married plaintiff, as tenants in common, which deed was recorded in the Wayne county clerk's office January 26, 1916, and that at the time of the execution of said deed, and as a consideration therefor, it was agreed that the grantor should have possession of said property during her lifetime, and that she continued in possession of said property and maintained it until her death, December 1, 1923.

The trial court further found that the grantor survived plaintiff's wife, and never surrendered possession of the property, and that neither plaintiff's wife nor this defendant, the grantees named in the deed, ever actually entered upon the possession of the property prior to the death of the grantor.

The court also found that plaintiff's wife gave birth to a living child March 24, 1920, and as conclusions of law the court found that Frances E. Sanford, plaintiff's deceased wife, was never seized in fact nor in possession of the real property in question, and that plaintiff has no tenancy by the curtesy therein, and no right, title or interest in said property.

At the time the deed was given by Frances T. Getman to her daughters, plaintiff's wife was not present, and there is no evidence that she ever in any manner took possession of the said premises, or that she ever saw the deed her mother had given to her daughters, or that she had any knowledge of it. There was no evidence that the deed was ever delivered except the inference which could be indulged because of the fact that it was recorded, and there is no evidence as to who caused the deed to be placed on record. The evidence is undisputed that at the time the mother executed this

deed she was in actual possession and control of the premises, and continued in such possession and control without interruption up to the time of her death, which was more than three years after the death of plaintiff's wife.

The deed itself contained no reservation of the use and possession of the premises during the life of the grantor, but the disinterested lawyer who drew the deed, and before whom it was executed, testified in substance that at the time the deed was made Mrs. Getman made a bill of sale of the drug business she was conducting on said premises to her son, but that she stated at the time the deed was executed that she was going to continue in possession of her property, and did not intend to convey it to anybody until after her death, and particularly that she deeded the real estate in question to her daughters Frances and Marion, but not to take effect until after her death.

This testimony was undisputed, and it was also undisputed that the vendor remained in sole possession of the property as long as she lived. This evidence was objected to by counsel for plaintiff on the ground that it tended to vary the terms of the deed, but the objection was overruled and the evidence received solely on the question as to who had possession of the property, counsel for defendant stating that the evidence was offered for that purpose only and not to vary the terms of a written instrument.

Of course ordinarily parol evidence cannot be received to vary the terms of a written instrument but " there is perhaps no rule of law or of evidence which is more flexible or subject to a greater number of exceptions than the rule which excludes parol evidence offered to vary or explain written documents." (22 C. J. 1144.)

In this case there was no evidence of the delivery of the deed to the grantees, except such inferences as might be indulged because of the fact that it was recorded. There was no evidence that plaintiff's wife ever saw the deed or had knowledge of its existence, and the evidence is clear and satisfactory that she was never in possession of the property or exercised any control over it. It always remained in the possession of the grantor until the latter's death.

Whether there was any effectual delivery of the deed sufficient to transfer the title to the daughters depended upon the intention of the parties at the time, and that was a question of fact which, under the circumstances as disclosed by the evidence in this case, could be shown by parol evidence, and it did not come within the contemplation of the rule excluding oral evidence to vary the terms of a written instrument. (*Holbrook* v. *Truesdell,* 100 App. Div. 9.)

In that case a father, owning a farm, executed a conveyance

24

absolute in form to his daughter, the plaintiff in that case, and handed it to her. The conveyance recited a consideration similar to the one recited in the deed in question, that is, a nominal consideration and " love and affection." There, as here, there was no substantial consideration paid by the grantee. Practically the only difference in the two transactions was that in that case the deed was delivered but never recorded, whereas in the case at bar the deed was recorded, but there was no other evidence of its having been delivered.

It appeared in the case above cited that the grantor expected to be sued, and apprehended that it would result in a judgment against him, and the deed of his property to his daughter was made with the purpose of avoiding the effect of any such judgment. The litigation was settled and no judgment was obtained, whereupon the father suggested to his daughter that she reconvey the premises to him, but she claimed that that was unnecessary as the deed had not been recorded. The father continued to remain in exclusive possession of the farm until his death. Subsequent to the giving of the deed to the daughter the father married the defendant, and conveyed the farm to her, and that deed was immediately recorded, and she continued in possession of the property after her husband died. Plaintiff in that action then sued to recover possession of the farm, alleging that the title became vested in her by the conveyance by her father. Parol evidence was received to show the conditions under which the deed was given by Mr. Truesdell to his daughter, and it was held that the question of delivery involved its acceptance by the plaintiff, and whether there was a valid effectual delivery to transfer the property depended upon the intention of the parties at the time, and that that was a question of fact. (*Ten Eyck* v. *Whitbeck*, 156 N. Y. 341.)

Proof tending to show that no transfer of the title was intended does not come within the contemplation of the rule prohibiting oral evidence to vary the terms of a written instrument. (*Holbrook* v. *Truesdell, supra; Higgins* v. *Ridgway,* 153 N. Y. 130; *Persons* v. *Hawkins,* 41 App. Div. 171; *Traders National Bank* v. *Laskin,* 238 N. Y. 535.)

Under the above authorities it was not error for the court to receive the evidence of Mr. Blaine detailing statements made to him by the grantor as bearing on the question of her intention in making the transfer and her possession of the property.

In order to entitle a husband to curtesy in his wife's real property the seizin of the wife must be an actual seizin or possession of the land. She must have been seized in fact and in deed to entitle the husband to curtesy. (4 Kent's Com. 29.)

By the common law of England, and also in the United States, where estates by the curtesy are recognized, it is requisite to entitle the husband to curtesy, not only that there be a legal marriage and issue born alive, and the death of the wife before that of the husband, but that the wife must be seized of an estate of inheritance during coverture. (12 Cyc. 1004, 1005; *Carr* v. *Anderson,* 6 App. Div. 6, 10; *Collins* v. *Russell,* 96 id. 136; *Ferguson* v. *Tweedy,* 43 N. Y. 543.)

In the instant case there was a marriage between plaintiff and the daughter of the grantor, and the court has found on sufficient evidence that there was a child born to these parties, and that it was born alive, although it died almost immediately after birth, and the death of the wife is undisputed.

But the court has also found on what it is deemed to be sufficient competent evidence that plaintiff's former wife was never seized in fact, nor in actual possession of the real property described in the complaint, and that plaintiff has no tenancy by the curtesy in said property.

It is clear from the evidence that if there ever was a delivery of this deed sufficient to pass title it was on the condition that title should not pass until the death of the grantor, and that the grantees should survive her. This condition to make the delivery absolute never arrived, because in so far as it affected plaintiff's wife, she did not survive the grantor whose life estate had not been extinguished when the daughter died. The daughter (plaintiff's wife) was, therefore, never actually seized and possessed of the real property in question and on her death curtesy did not attach.

The judgment should be affirmed, with costs.

HUBBS, P. J., DAVIS, CROUCH and TAYLOR, JJ., concur.

Judgment affirmed, with costs.