Lotus L. Friedman, J.
The defendant Alexander Wasserman moves for summary judgment dismissing the complaint of the plaintiff as against him.
*782 The plaintiff, Samuel A. Diamond (hereinafter referred to as husband), instituted this action against the said Alexander Wasserman and Rose Diamond, wife of the plaintiff (hereinafter referred to as wife), for a declaratory judgment, declaring that plaintiff is the owner in fee of a certain one-family house located on East 5th Street in Brooklyn, New York, and further prays in said action that the transfer of title to the said property, heretofore made by the said wife to defendant Wasserman, be vacated and set aside.
In considering this motion, the history of the ownership of the said property, and the various documents executed with respect thereto, becomes important.
In his complaint, plaintiff alleges that he became the fee owner of said premises in June of 1945, and that he has never at any time since that date delivered a deed to said premises to any person or firm. He further alleges that on February 25, 1958, the wife executed and delivered a deed to defendant Wasserman, thereby conveying to him the title to the premises, that she had no authority to make such conveyance, that defendant Wasserman at all times had knowledge of the fact that plaintiff was the true owner of the said building, and that he, the husband, is entitled to be declared the owner and that the deed executed by his wife be set aside.
The answer interposed by defendant Wasserman denies the material allegations of the complaint, and sets up two affirmative defenses. In the first defense contained in said answer, it is claimed that in August of 1945, just two months after himself taking title to the premises, the husband executed and delivered to his said "wife a deed transferring to her the fee title to said premises, that said deed was dated August 1, 1945 and recorded in the office of the Register of Kings County on August 3, 1945. (See photo static copy of deed annexed to the moving papers and indorsements thereupon.) Said defense further alleges that the legal and ostensible title to said premises continued to be in the name of the wife up to the time when she conveyed the premises to defendant Wasserman, about 13 years. It further alleges that in the month of April, 1955, the said wife secured a loan from the Lincoln Savings Bank of Brooklyn and, as security for said loan, executed to said bank her bond and a mortgage upon the said premises; and that the husband was present at the time of the execution and delivery of the said mortgage, and actually joined in the execution of the bond.
The second affirmative defense set up in the answer of defendant Wasserman asserts that he purchased the said property in *783 good faith and for a valuable consideration and without notice of any defect in title or of plaintiff’s supposed claim.
Upon the argument of this motion it was indicated that another party is concerned with this litigation, not named in the papers before the court and that the attorneys who here appear for the defendant Wasserman, so appear at the request of said other party. That other party is the Home Title Company, which insured the title to the said premises, and to whom, if title is defective, Wasserman may be entitled to look for payment of any loss incurred by him, unless, of course, the second affirmative defense set up in the answer is shown to be without merit and he, Wasserman, actually knew that the wife, from whom he took title, was not the real owner of the property in question.
Despite the conflicting claims of the husband and the defendant Wasserman, there are certain documents, copies of which appear in the papers before the court, which give undisputed proof as to what actually occurred and which may not be disregarded in the determination of this motion. As has already been pointed out, the record title of the premises, at the time when the wife conveyed said title to Wasserman, was actually in the name of the wife and had been in her name for 13 years. The photostatic copy of the deed annexed to the papers shows that said deed was recorded in the office of the Register of Kings County on August 3, 1945. The husband contends that it was he who caused said deed to be so recorded, and that he never thereby made delivery of said deed to his wdfe but merely put the record title in her name for his own convenience. The back of the deed, a photostat of which is attached to the moving papers, shows that it was returned to one Irving Leavitt, an attorney, and does not indicate, as is claimed by the husband, that it was returned directly to the husband after he bimsalf caused it to be recorded. It was stated upon the argument of the motion that the husband is himself a real estate broker, and he certainly knew the implications of putting the record title in his wife’s name. It is further undisputed, and the affidavit submitted by the wife in support of the motion (contained in the reply affidavit submitted) shows that he attended with Ms wife at the offices of the Lincoln Savings Bank in 1955, witnessed his wife execute a bond and a mortgage with respect to the said premises to the said bank and himself joined in the bond. (See ExMbits H and Gr attached to the moving papers.) It also is conceded by the husband, plaintiff herein, that after the defendant Wasserman had taken the deed to the premises, he, the husband, had accepted half of the net consideration of *784 the sale, and had retained it for his own use and benefit, giving the other half to his wife. The husband claims that he accepted such proceeds only for the purpose of clearing title, but nowhere in any of the papers before the court nor upon the argument of the motion, does it appear that the husband has at any time offered to return any part of this purchase price to Wasserman.
Wasserman took title to these premises at a time when a foreclosure sale with respect thereto was about to take place. It appears without question that because of certain defaults in carrying out the terms of the mortgage, the Lincoln Savings Bank had instituted foreclosure of the said mortgage received by them in 1955. Judgment of foreclosure and sale had been entered and the property had been advertised for sale as provided for in said judgment. Apparently learning of this fact, Wasserman entered into negotiations with the bank to cure the defaults to their satisfaction, and also entered into negotiations with the wife for the transfer of title, paying her several thousand dollars therefor, over and above the existing mortgage. The husband contends that he too had entered into negotiations with the bank and had made arrangements with 'them for a postponement of the foreclosure sale, and as evidence thereof, he submits to the court a receipt (Exhibit 1 annexed to opposing papers), showing that on February 24, 1958 he had paid the bank $200 for advertising expenses. He claims that he did not know that on the very same day, his wife had entered into a Contract for the sale of said premises to Wasserman, and he resists the claim now made by Wasserman, that had it not been for Wasserman’s intervention, the premises would have been sold at a foreclosure sale.
Other documents annexed to the moving papers show that a contract of sale was actually entered into on February 24, 1958 and the deed executed the following day. Wasserman explains the speedy closing of title by pointing out that the title company which had made the search for the purpose of foreclosure, was prepared to issue a title policy and that no lapse of time was necessary.
Upon the argument, and in his papers in opposition to this motion, the husband admits that he had executed the deed to his wife, as aforestated, that he had recorded it only for his own convenience, that he was present at the Lincoln Savings Bank when the mortgage upon the property was executed and that he was at all times the real owner of the property. He contends further that Wasserman knew all about this and that he is chargeable with having both actual and constructive notice of the husband’s rights. He claims that he had a conversation *785 with Wasserman in May or June of 1957, when he listed the property for sale with Wasserman, who was a real estate broker in the neighborhood. He further claims that one of Wasserman’s real estate salesmen called to see him and that the question of title to the house was discussed and that he told the salesman that he was the owner and all negotiations were to be had with him. He also claims that Wasserman should have known, at least constructively, of the husband’s interest in the property, because he lived therein and that it was incumbent upon any purchaser of the real estate to make inquiries of any other persons occupying the same, before taking title thereto.
The court must bear in mind that it is commonplace for property occupied by a family unit, to be in the name of one spouse or the other. The fact that a husband lives in a house which is legally listed as being in the wife’s name, or conversely that the wife is living in a building owned by her husband, does not give constructive notice to the world that the legal title to the property, as listed in the Register’s office, should be questioned. The status of the husband in this case as the occupant of the property, particularly where his wife was living with him, was as the husband of the fee owner and he cannot by reason of his occupancy of the property together with his wife, claim that Wasserman should have made inquiry of him. More so, is this true when it was he who executed and caused to be registered, the deed to the property in the name of his wife.
As to his claims of actual notice, they too must fall by the wayside in the light of the documentary evidence. Every act on the part of plaintiff, as has been hereinbefore indicated, ratified the fact that he had delivered the deed to his wife. In fact, although his execution thereof was not sufficient to evidence his delivery, the act of recording it in the Register’s office may be so considered and the court holds that a delivery was thereby effected. But in any event, plaintiff husband is estopped from disputing such a delivery, particularly with respect to an innocent third party, in view of his subsequent actions with respect to said property.
The court has considered the case of Matter of Colbert (101 N. Y. S. 2d 666), cited by plaintiff and is not in disagreement that the presumption of delivery and acceptance arising from the recording of the deed may be rebutted by opposing evidence. In that case, the grantor and his attorney retained control of the deed, as plaintiff contends was done in this case, even though it was recorded, and the court held that such retention was inconsistent with the validity of a gift. But in that case, the deed was not returned after recording, until after the date *786 of death of the grantor and nothing was done by the grantor after receiving the return of the deed, which could have been deemed a ratification on the grantor’s part, that ownership was actually in the grantee or that there had been an actual delivery. In the present case, however, every act on the part of the plaintiff husband indicates clearly and supports the presumption that the husband intended to and actually made delivery of the deed to his wife. He is estopped from claiming otherwise (Vellum v. Demerle, 65 Hun 543). The court holds that the wife had valid title to the premises and had the right to convey title thereof to a bona fide purchaser for value. The court has already discussed the question of constructive notice by reason of the occupation of said premises by the husband together with his wife. Such occupation by him is consistent with the title of the owner of record. (Holland v. Brown, 140 N. Y. 344; Pope v. Allen, 90 N. Y. 298; Brown v. Volkening, 64 N. Y. 76.)
The present claim and the existing action seem to be the end result of a quarrel between this husband and wife, and whatever may be the merits of the controversy between them, it cannot be permitted to affect the rights of defendant Wasserman, or of the undisclosed party in interest whose rights and obligations will be derivative of those of Wasserman, that is, the Home Title Company. It cannot be said that a triable bona fide issue of fact has been created, merely because the pleadings and .affidavits are in some respects conflicting. There must be a basis upon which the court may say that an issue has been created for submission to a court or a jury, and everything which has been submitted to the court in the papers on file and upon the argument of the motion indicates that as between the husband and defendant Wasserman, no real issue exists. Where ,the court is convinced, as it is here, that the issue asserted is not a genuine one, but one which is feigned merely for the purpose of delay, there is actually nothing which need be tried. (Curry v. Mackenzie, 239 N. Y. 267, 269, 270; Rubin v. Irving Trust Co., 305 N. Y. 288, 306; Gribbin v. Mygatt, 281 App. Div. 1034, affd. 306 N. Y. 931; see, also, Goldman v. Leeann Builders, 197 Misc. 228, 231.) The court is convinced that Wasserman is entitled to a dismissal of the action herein and accordingly, on the basis of the evidentiary facts before the court and the documentary proof presented, the court holds that plaintiff has failed to sustain the burden of showing facts sufficient to raise a triable or bona fide issue with respect to defendant Wasserman.
Motion for summary judgment is therefore granted as prayed for. Submit order.