■ SAMUEL A. DIAMOND, Appellant, v. ALEXANDER WASSERMAN, Respondent, et al., Defendant.— In an action for a judgment declaring that appellant is the owner in fee of a certain one-family house and setting aside an alleged transfer of title from defendant Rose Diamond, appellant's wife, to respondent, the appeal is from an order granting respondent's motion for summary judgment, pursuant to rule 113 of the Rules of Civil Practice, dismissing the complaint, and from the judgment entered thereon. The documentary proof established that appellant executed a deed of the premises to his wife in August, 1945 and that the deed was recorded on August 3, 1945. Subsequently, appellant joined with his wife in executing a mortgage bond when a mortgage loan was obtained in April, 1955. The deed to respondent, attacked by appellant in this action, was executed and delivered by appellant's wife on February 25, 1958. It also appeared, without dispute, that the 1945 deed from appellant to his wife was recorded by appellant's lawyer at his request and then returned to him, and that the deed was never delivered to the wife, that appellant and his wife resided in the premises continuously from 1945 until at least the date of the conveyance to respondent, and that part of the proceeds of the sale to respondent was turned over to appellant by his wife. It appeared further that appellant asserted that some time in 1957 he advised respondent that he owned the property and the respondent denied any knowledge of appellant's claim of title. The Special Term, in granting the motion for summary judgment, held in substance that the recording of the deed to appellant's wife constituted a delivery to her sufficient to convey title and that in any event appellant was estopped from denying the delivery of the deed to his wife, and that she therefore had a valid title to the premises and the right to convey title to a bona fide purchaser for value. Order reversed, with $10 costs and disbursements, motion for summary judgment denied, and judgment vacated. In our opinion, questions of fact were presented, precluding the granting of summary judgment, as to the delivery of the 1945 deed to appellant's wife, and as to estoppel. Delivery of the deed was essential to the transfer of title (*Ten Eyck* v. *Whitbeck*, 156 N. Y. 341, 352). While the execution and recording of a deed may give rise to a presumption of delivery and acceptance (*Munoz* v. *Wilson*, 111 N. Y. 295, 304–305; *Ten Eyck* v. *Whitbeck, supra*; *O'Brien* v. *O'Brien*, 188 App. Div. 309, 311), that presumption is not conclusive and may be repelled by proof of facts inconsistent with the transfer of title (*Doorley* v. *O'Gorman*, 6 App. Div. 591, 593). It is the intention of the parties that governs (*Ford* v. *James*, 2 Abb. Ct. App. 159, 161; 1 Warren's Weed, New York Real Property [4th ed.], p. 934), and an issue of fact with respect thereto is presented by the opposing papers. Similarly, it may not be determined on this motion whether appellant was estopped from asserting his claim of title. It is the essence of estoppel that the one asserting it must have been influenced to change his position in rightful reliance upon the conduct of the one sought to be estopped (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 292;

*Wiedersum* v. *Atlantic Cement Prods.*, 261 App. Div. 305, 309). The dispute between the parties as to respondent's actual knowledge of appellant's claim of title creates an issue of fact as to whether respondent could rightfully rely on appellant's acts indicating title in the wife, which may be resolved only on trial (cf. *Brown* v. *Bowen*, 30 N. Y. 519, 541). However, we do not agree with appellant's contention that his occupancy of the premises was constructive notice of his claim of title as a matter of law. While under some circumstances actual possession of real estate may be sufficient notice of the existence of any right which the person in posesssion is able to establish (*Phelan* v. *Brady*, 119 N. Y. 587, 591–592), that doctrine has no application where the occupancy is by the husband and title is in the wife, since his possession is consistent with the title of the apparent owner of record (cf. *Pope* v. *Allen*, 90 N. Y. 298, 303; *Holland* v. *Brown*, 140 N. Y. 344, 348; *Kirby* v. *Tallmadge*, 160 U. S. 379, 387–388). Neither may it be decided, on this record, that appellant was precluded from asserting his legal title by reason of the fact that he received a portion of the proceeds of the sale from his wife, as the motion papers do not establish that appellant consented to and did accept such proceeds in full satisfaction of his interest in the property (cf. *Thompson* v. *Simpson*, 128 N. Y. 270, 292–293). Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur. [14 Misc 2d 781.]