■ ACWOO INTERNATIONAL STEEL CORP., Appellant, v FRENKEL & COMPANY, Respondent.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about April 25, 1990, which, to the extent appealed from, denied plaintiff's motion for responsive answers with respect to interrogatories Nos. 11 and 12, unanimously affirmed, with costs and with disbursements.

Plaintiff, an importer, commenced this action against defen-

dant, an insurance broker, alleging failure to procure "all risk" insurance, i.e., inclusive of both fresh water and sea water damage for a shipment of steel en route from Korea. After the completion of depositions of defendant's employees, and production of voluminous documentation in conjunction with said depositions, plaintiff served upon defendant a set of 26 interrogatories preceded by extensive definitions and instructions, including a direction, in case of an objection, to state the grounds for the objection and to set forth answer to the extent there is no objection. In reply to questions 11 and 12, which required documents sought therein to be placed in chronological order and which sought oral communications, defendant stated that it had produced all documents in its possession which were not privileged, that its employees had already been deposed at the time the documents were in plaintiff's possession, and that plaintiff had the opportunity through depositions to elicit testimony regarding dates and places of oral communications.

Plaintiff's motion moved to compel further disclosure was referred to a Special Master. Plaintiff focused on the need for the requested disclosure and contended that defendant had failed to preserve its right to object within 10 days pursuant to CPLR 3133. Defendant opposed, contending that its failure to object was excusable; that it had answered the interrogatories according to the definitions, but that plaintiff was simply not satisfied with the answers; and that plaintiff, since it had deposed defendant's employees, had already been accorded an opportunity to review the requested documents. The court adopted the Special Master's recommendation to deny the motion.

The IAS court properly denied the motion. While multiple discovery devices are permitted, interrogatories should be employed "only for the limited purpose of supplementation of discovery, not duplication" (*Wagner v NFS Fin. Servs.*, 96 Misc 2d 134, 136). Plaintiff already had discovery of all nonprivileged documents. The defendant's failure to timely request a protective order was properly excused (*see, Holy Spirit Assn. v New York Prop. Ins. Underwriting Assn.*, 116 AD2d 787) and, in any event, defendant's response to the interrogatories complied with the procedure which plaintiff had itself established in the definitions and instructions accompanying its interrogatories. Concur—Murphy, P. J., Ross, Carro and Rosenberger, JJ.