■ JANICE KOPHEN, Appellant, v STEPHEN CORNELL, Individually and as Executor of JOSEPHINE CAMARDELLO, Deceased, et al., Respondents. [688 NYS2d 826] —Crew III, J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered March 3, 1998 in Madison County, upon a decision of the court in favor of defendants.

In November 1994, plaintiff and defendants James Cassano and Jeffrey Cassano submitted offers for the purchase of real property located in the Town of Sullivan, Madison County, owned by the estate of Josephine Camardello. Because the executor of the estate, defendant Stephen Cornell, was going to be out of the State for a two-week period, he executed both purchase offers with instructions to Frank Vavonese, the estate's attorney, that it was his wish to sell the real estate to the Cassanos. Only in the event that such sale was not possible would Cornell agree to sell the property to plaintiff.

On the very day that Cornell executed plaintiff's purchase offer, plaintiff went to Vavonese's office and, without his knowledge, obtained the executed purchase offer from an office employee. Subsequently, the Cassanos and Cornell came to acceptable terms for the sale of the real estate. When plaintiff learned of Cornell's intention to sell the property to the Cassanos, she commenced the instant action for specific performance of her contract. Following a bench trial, Supreme Court found in favor of defendants and plaintiff now appeals.

We affirm. The law is clear that the mere signing of the purchase offer by Cornell not in the presence of plaintiff, without more, did not evidence his agreement to sell the real estate to plaintiff (*see, 219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 512). In addition to Cornell's signature, it was necessary that the contract be delivered to plaintiff (*see, Loika v Howard*, 103 AD2d 874, 876). Here, there was no delivery of the executed contract to plaintiff. Rather, Cornell entrusted the document to Vavonese, in escrow, to be delivered only if a satisfactory agreement could not be reached with the Cassanos. The fact that plaintiff managed to acquire the purchase agreement did not and could not make the instrument binding in these circumstances (*see, Holbrook v Truesdell*, 100 App Div 9; *Doorley v O'Gorman*, 6 App Div 591; 1 Williston, Contracts § 2:9, at 98 [Lord 4th ed]).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.