Peter Garnot et al., Respondents, v Leland LaDue et al., Appellants. [845 NYS2d 555]—

Mercure, J. Appeals (1) from an order of the Supreme Court (Dawson, J.), entered October 3, 2006 in Clinton County, which, among other things, granted plaintiffs' motion for summary

judgment awarding specific performance, (2) from an order of said court, entered December 1, 2006 in Clinton County, which, among other things, denied defendants' motion for reconsideration, and (3) from an order of said court, entered January 2, 2007 in Clinton County, which, among other things, set the amount of abatement to be applied to the original purchase price.

In this action, plaintiffs seek specific performance of a purchase offer agreement regarding real property owned by defendants. Pursuant to the purchase offer, which the parties signed in May 2001, plaintiffs were to make an initial $1,000 down payment on the property and then pay an additional $169,000 at closing, which was to occur on or before July 31, 2001. The offer was contingent upon plaintiffs obtaining a firm mortgage commitment within 60 days, performance of a home inspection, and the sale of plaintiffs' home.

On July 24, 2001, defendants informed plaintiffs that they were no longer willing to sell the property because a fire had destroyed a storage garage and delivery was therefore "impossible." Defendants also noted that they had not received confirmation that plaintiffs had obtained financing, and that a home inspection had not been performed. Plaintiffs responded that they had obtained financing, opted not to conduct a home inspection and were willing to purchase the property with an abatement of the purchase price. When defendants refused to proceed with the sale, plaintiffs commenced this action.

Supreme Court ultimately granted plaintiffs' motion for summary judgment awarding specific performance with an abatement of the purchase price and denied defendants' cross motion for summary judgment. The court further denied defendants' motion to reargue and/or renew their cross motion for summary judgment and granted plaintiffs' cross motion to quash a subpoena issued by defendants. Thereafter, upon a stipulation by the parties, the court set the amount of abatement at $9,000, resulting in a net purchase price of $161,000, and directed that a closing occur within 75 days. Defendants appeal* and we now affirm.

Initially, defendants assert that plaintiffs failed to demonstrate prima facie that they had obtained financing for the purchase of the property and were therefore ready, willing and able to purchase the property. Specifically, defendants assert

---

* Defendants make no arguments in their brief regarding Supreme Court's order setting the amount of the abatement and, thus, any issues in that regard are deemed abandoned (*see Peak v Northway Travel Trailers, Inc.*, 27 AD3d 927, 928 [2006]).

that because plaintiffs did not provide them with a written confirmation of mortgage financing within 60 days of signing the purchase offer agreement or close on the property prior to July 31, 2001, the offer did not mature into a binding contract and was properly withdrawn. We disagree.

Generally, when there is an objective manifestation of intent to enter into a contract, a purchase offer agreement will "be subject to specific performance [if] it identifies the parties, describes the subject property, recites all essential terms of a complete agreement, and is signed by the party to be charged" (*O'Brien v West*, 199 AD2d 369, 370 [1993]; *see* General Obligations Law § 5-703 [2]; *160 Chambers St. Realty Corp. v Register of City of N.Y.*, 226 AD2d 606, 606-607 [1996]; *see generally 219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 510-512 [1979]). Moreover, the fact "[t]hat the parties anticipated the execution of a more formal contract would not impair the effectiveness of the writing if it . . . embodies all of the essential terms of the agreement" (*160 Chambers St. Realty Corp. v Register of City of N.Y.*, 226 AD2d at 607; *see Atai v Dogwood Realty of N.Y., Inc.*, 24 AD3d 695, 699 [2005]).

Here, evidence of the parties' intent to treat the purchase offer agreement as a contract is found in the deposition testimony of defendant Marjorie LaDue describing how the parties scheduled a date to sign "the purchase *agreement*" (emphasis added) in each other's presence. Notably, plaintiffs paid $1,000 as consideration for the agreement, which provided on its face that "[t]his *contract* [is] contingent on [the] sale of [plaintiffs'] home" (emphasis added), and plaintiffs did sell their residence in anticipation of taking possession of the property at issue here. Finally, there is no dispute that the purchase agreement adequately identifies the parties and property, or that it contains all essential terms of a complete agreement, notwithstanding the parties' intention to later sign a more detailed contract. Thus, Supreme Court properly determined that the purchase offer constituted a valid contract of sale as opposed to an offer subject to withdrawal by defendants (*see Wacks v King*, 260 AD2d 985, 987 [1999]; *160 Chambers St. Realty Corp. v Register of City of N.Y.*, 226 AD2d at 607; *Rieter v Tavella*, 157 AD2d 894, 894-895 [1990]; *cf. Kophen v Cornell*, 260 AD2d 914, 915 [1999], *lv denied* 93 NY2d 811 [1999]).

Further, we agree with Supreme Court that plaintiffs demonstrated that they were ready, willing and able to perform on the closing date and, therefore, were entitled to specific performance with an abatement of the purchase price (*see Lucenti v Cayuga Apts.*, 48 NY2d 530, 541-542 [1979]). Inasmuch as the

right to obtain an inspection was inserted into the agreement for plaintiffs' benefit, they were entitled to waive that condition (*see e.g. Tucek v Hoffman*, 161 AD2d 588, 589 [1990]; *Poteralski v Colombe*, 84 AD2d 887, 887 [1981]). With respect to defendants' claim that plaintiffs did not obtain the necessary financing, LaDue testified at her examination before trial that plaintiffs informed her on July 20, 2001—prior to defendants' attempt to rescind the offer—that they had obtained the necessary financing and gave her the phone number of a mortgage broker who could verify this information. LaDue further indicated that her attorney did call the broker. In addition, plaintiffs aver that they had obtained financing and submitted a letter from their mortgage broker indicating that their "loan approval" remained valid until September 3, 2001. While defendants assert that they were nevertheless excused from performing their obligations under the agreement because plaintiffs failed to provide them with written proof of a mortgage commitment within 60 days of signing the agreement, the purchase offer neither required written confirmation nor specified that time was of the essence. In short, because plaintiffs obtained financing within a reasonable time of the date specified by the purchase offer and were ready, willing and able to purchase the property on the specified closing date, Supreme Court properly granted their request for specific performance (*see Tucek v Hoffman*, 161 AD2d at 589-590; *see also ADC Orange, Inc. v Coyote Acres, Inc.*, 7 NY3d 484, 490 [2006]; *Mercer v Phillips*, 252 AD2d 900, 901 [1998]; *cf. Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998 [1983]).

Defendants' remaining arguments require little further discussion. Inasmuch as defendants failed to establish that the disclosure they were seeking was not duplicative, we cannot say that Supreme Court abused its broad discretion over the discovery process by denying defendants' motion to compel interrogatory answers (*see ACWOO Intl. Steel Corp. v Frenkel & Co.*, 165 AD2d 753, 754 [1990]). Finally, given that defendants issued a subpoena duces tecum merely to ascertain the possible existence of evidence after Supreme Court had resolved the parties' summary judgment motions, the court did not err in granting plaintiffs' motion to quash the subpoena (*see e.g. Matter of Terry D.*, 81 NY2d 1042, 1044 [1993]; *Matter of Plater v Cortland Mem. Hosp.*, 256 AD2d 678, 678-679 [1998]).

The parties' remaining arguments have been considered and found to be lacking in merit.

Cardona, P.J., Crew III, Carpinello and Kane, JJ., concur. Ordered that the orders are affirmed, with costs.