■ BARRY B. OUIMET et al., Respondents, v RITA A. FITZSIM-MONS, Appellant. [892 NYS2d 248]—

Kavanagh, J.

Defendant, age 85, and her husband owned a 138.5-acre family farm in the Town of Malone, Franklin County. After defendant's husband died in June 2006, defendant met with plaintiffs and, after some negotiations, agreed to sell the farm to them for $150,000. In the weeks that followed, plaintiffs sought to obtain financing for the purchase of the property, but were only able to obtain a prequalification commitment from a mortgage company for a loan in the amount of $120,000. A purchase and sale agreement was subsequently prepared by plaintiffs' attorney and signed by the parties on September 11, 2006. According to plaintiffs, a copy of the contract was sent to defendant's counsel, but counsel denied ever seeing the document.

The following month, defendant's nephew advised plaintiffs that defendant was no longer willing to sell the farm at the agreed-upon price. Plaintiffs immediately commenced this action alleging a breach of their contract and sought specific performance of the agreement as well as money damages they claim to have incurred as the result of defendant's breach. A nonjury trial was held and, after dismissing plaintiffs' claim for money damages, Supreme Court granted plaintiffs' cause of action for specific performance of the contract. Defendant now appeals arguing, among other things, that the agreement was not enforceable because it lacked all of the material terms needed to make it a valid contract. She also claims that plaintiffs were not entitled to specific performance because they were not ready and able to perform their obligations under the contract and

because they had breached a fiduciary duty owed to her during the negotiations that led to the signing of this agreement.

While the contract, as written, was an enforceable agreement and plaintiffs did not, as defendant claims, have a fiduciary relationship with her, plaintiffs, in our view, have failed to demonstrate that they are entitled to specific performance of this contract. "Generally, when there is an objective manifestation of intent to enter into a contract, a purchase offer agreement will 'be subject to specific performance [if] it identifies the parties, describes the subject property, recites all essential terms of a complete agreement, and is signed by the party to be charged' " (*Garnot v LaDue*, 45 AD3d 1080, 1082 [2007], quoting *O'Brien v West*, 199 AD2d 369, 370 [1993]). Moreover, to obtain specific performance, "plaintiffs were required to demonstrate that they substantially performed their contractual obligations and were ready, willing and able to fulfill their remaining obligations, that defendant was able but unwilling to convey the property and that there is no adequate remedy at law" (*Alba v Kaufmann*, 27 AD3d 816, 818 [2006]; *see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998 [1983]; *Zeitoune v Cohen*, 66 AD3d 889, 891-892 [2009]). The only credible evidence that plaintiffs presented that they had the financial resources needed to buy this property was the prequalification letter they received from a mortgage company. However, the letter, by its terms, did not guarantee that funds in the amount of the purchase price would be advanced or were then available to plaintiffs to pay for the property. Instead, the letter stated that plaintiffs were prequalified for a $120,000 loan and that "[i]t is understood that under no circumstances should this letter be interpreted as a commitment to lend or that an application has been taken. In order to receive a mortgage commitment, a formal application needs to be submitted and reviewed by Countrywide Home Loans, as well as receipt of supporting documentation and an acceptable appraisal of the property."

Moreover, while plaintiffs contend that the necessary financial assistance was available from family members, no evidence was presented that they ever requested such financial assistance or that any family member ever made a binding financial commitment to them to assist them in meeting their obligations under this contract. As such, we conclude that plaintiffs failed to prove that they were able to meet these obligations (*compare Garnot v LaDue*, 45 AD3d at 1082-1083) and, therefore, Supreme Court erred by granting them specific performance of this contract (*see Provost v Off Campus Apts. Co., II*, 211 AD2d 850, 851 [1995]).

As a result of our decision, we need not reach defendant's remaining arguments.

Peters, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and complaint dismissed.